McCORD, Chief Judge.
Petitioner seeks review of respondent Department’s denial of its application for authority to organize a corporation for the purpose of conducting a state chartered general banking business in Pensacola Beach, Florida. The application was denied on the ground that the application did not meet the requirements of § 659.03(2)(b), (c), (d) and (f), Florida Statutes (1977). The final order declared that, although petitioner could perhaps remedy the other defects:
“In view of the fact that one of these criteria, ‘local conditions assure reasonable promise of successful operation,’ cannot be remedied by the Applicant, it would not be within the lawful discretion of the Department of Banking and Finance to grant the application.”
The Department reached the above conclusion after a hearing in which evidence was presented as to all factors in § 659.03(2). As to § 659.03(2)(b) (that local conditions assure reasonable promise of successful operation), the Department found that there is no significant commercial activity in the area; that the commercial activity that does exist is relatively small and tourist oriented; that the population base is small though affluent; that the activity and population in the area are highly “seasonal”; that the year-round and some less than year-round residents are estimated to total approximately 4,000 in 1979 and during the tourist season, the estimated population for 1979 is about 8,000. Although petitioner projects deposits for the first three years of operation at 2.5, 3.5 and 4.5 million, respectively, those projections are not supported by the experience of the nearest existing bank, Century Bank, which is located across a toll bridge three miles away. From these findings, the Department concluded that local conditions are not conducive to assuring reasonable promise of success. That conclusion amounts to a discretionary opinion decision which is highly charged with policy considerations for which the Department is responsible. McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1 DCA 1977), and Fraser v. Lewis, 360 So.2d 1116 (Fla. 1 DCA 1978). McDonald and Fraser recognize that although this type of agency discretion within its own area of expertise is within the Department’s realm of authority, it is not unbridled. The Department’s order must sufficiently “expose and elucidate its reasons for discretionary action taken.” McDonald at 584. As in Fraser, we find here that the Department sufficiently elucidated its reasons for its discretionary denial of the bank charter ap *673 plication on grounds that local conditions do not assure reasonable promise of success. Since, as the Department noted, that condition cannot be remedied by the applicant, ■ we do not consider petitioner’s remaining-points contesting the Department’s other reasons for the denial.
Petition for review is denied.
MILLS and ERVIN, JJ., concur.