368 So.2d 449 (1979)
John E. BIGLER, Jr., et al., the Organizers of the Lower Keys State Bank, Petitioners,
v.
DEPARTMENT OF BANKING & FINANCE and Gerald A. Lewis, Comptroller, and Head of Said Department, Respondents.
No. II-399.
District Court of Appeal of Florida, First District.
March 14, 1979.
*450 Larry E. Levy of Dickinson, Levy & Taylor, Tallahassee, for petitioners.
Eugene J. Cella and S. Craig Kiser, Tallahassee, for respondents.
J. Riley Davis of Taylor, Brion, Buker & Greene, Tallahassee, for amicus curiae.
McCORD, Chief Judge.
Petitioners seek review of respondent Department's denial of their application for authority to organize a corporation for the purpose of conducting a state chartered general banking business in Big Pine Key, Florida. The application was denied on the ground that it did not meet the requirements of § 659.03(2)(a), (b), (c), (d) and (f), Florida Statutes (1977). The final order declared:
"In view of the fact that two of these criteria cannot be remedied by the Applicants, i.e., `convenience and advantage will be promoted', and `local conditions assure reasonable promise of successful operation,' it would not be within the lawful discretion of the Department of Banking and Finance to grant the application."
The Department handed down its final order after conducting an investigation as required by § 659.03(1), Florida Statutes. As to § 659.03(2)(a) (that public convenience and advantage will be promoted), the Department found that the proposed site does not have frontage directly on U.S. Highway No. 1 but instead lies more than 200 feet from it. Thus, its visibility is greatly diminished and the only access to the site is via an access road; that the proposed service area of the new bank is at present adequately served by existing banking facilities; and that a large portion of the residents of the proposed service area work on a nearby military base and may be more conveniently served by the two financial facilities located on that base. As to § 659.03(2)(b), the Department found that there is no significant commercial or industrial activity in the proposed service area; that the competition facing the proposed bank is much greater than that faced by the bank upon which the applicants based their first year total deposit estimate.
Petitioners urge that § 659.03(1)(b) and (c), Florida Statutes, are unconstitutional in that those provisions are wholly lacking in legislative standards and guidelines and, therefore, constitute an improper delegation of legislative authority. Those statutory provisions are as follows:
"Upon the filing of an application, the department shall make an investigation of:
* * * * * *
(b) The need for banking or trust facilities or additional banking or trust facilities, as the case may be, in the community were the proposed bank or the principal office of the proposed trust company is to be located, giving particular consideration to the adequacy of existing banking or trust facilities and the need for further banking or trust facilities in the locality.
(c) The present and future ability of the community to support the proposed bank or the principal office of the proposed trust company and all other existing banking or trust facilities in the community."
The Department bases its conclusions as to § 659.03(2)(a) and (b) on the results of its investigation pursuant to § 659.03(1)(b) and (c).
The Department's investigations and conclusions pursuant to § 659.03 regarding a banking application involve discretionary opinion decisions because, inherently, banking application considerations are highly charged with policy considerations within the Department's realm of expertise and for which the Department is responsible. The nature of the task of reviewing banking applications is not conducive to specific, *451 detailed instructions from the legislature to the Department. However, due process is insured in that the Department's discretion is not unbridled. The legislature had dictated clearly the basic criteria to be considered and the particular procedures to be followed by the Department in reviewing a banking application. Further, the Department's order, which is a product of the legislature's guidelines, must sufficiently "expose and elucidate its reasons for discretionary action [taken]." McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1 DCA 1977). See also Fraser v. Lewis, 360 So.2d 1116 (Fla. 1 DCA 1978), and Gulf State Bank v. State Dept. of Banking and Finance, 367 So.2d 671 (Fla. 1 DCA 1979). As pointed out in McDonald, the requirements of § 659.03 are fortified and amplified by the requirements of Chapter 120, Florida Statutes (the Administrative Procedure Act). As stated in Reporter's Comments on Proposed Administrative Procedure Act, P. 20 (3/9/74), cited in McDonald:
"Three due process checks to prevent arbitrary agency action are the requirements that reasons be stated for all action taken or omitted, that reasons be supported by `the record', and that specific judicial review procedures allow the courts to remedy defects of substance."
As in Fraser and Gulf State Bank, in the instant case, the Department followed the appropriate legislative standards and guidelines in making its determination and sufficiently elucidated its reasons for its discretionary denial of the bank charter application on grounds that the criteria set out by the legislature in § 659.03 had not been met. The Department's reasons are supported by the record. § 659.03 is not unconstitutionally vague and indefinite.
We have considered petitioners' remaining point and find it to be without merit.
AFFIRMED.
MILLS and ERVIN, JJ., concur.