ERVIN, Judge.
The Department of Banking and Finance denied the appellants’ application for authority to organize a bank for failure to meet the criteria in Section 659.03(2)(a), (b), (e), and (f). Inability to meet criterion (a), requiring a showing that “[pjublic convenience and advantage will be promoted by the establishment of the proposed bank,” and criterion (b), requiring a showing that “[ljocal conditions assure reasonable promise of successful operation,” which could not be remedied by the appellants, was fatal to the application.
The appellants argue that the Department erred in basing its finding that the application failed to meet the criterion in Section 659.03(2)(b), on evidence not developed in the field or by financial examinations. The Department’s final order rejected, in part, the appellants’ population projections for the primary service area because the figures conflicted with University of Florida population projections. The record before the Department consisted of the appellants’ application and the field examiner’s reports, none of which contained University of Florida population figures. No Section 120.57 hearing was held at which the appellants could refute the figures. “It is improper for an agency ... to base its decision^] or findings upon facts gathered from its own records without introducing the records without introducing the records into evidence.” Thorn v. Florida Real Estate Commission, 146 So.2d 907, 910 (Fla. 2d DCA 1962). Moreover, “the agency [may] officially recognize . . . facts; but such official recognition must be disclosed and a party must be allowed the opportunity to refute it.” 1 Fla.Jur.2d, Administrative Law § 86, p. 672; Section 120.61, Florida Statutes (1977).
Although we agree the Department erred in incorporating data not on the record into its final order, we hold the error was harmless. We recently applied the harmless error rule to administrative appeals. School Board of Broward County v. Gramith, 375 So.2d 340 (Fla. 1st DCA 1979). See also Polk v. School Board of Polk County, 373 So.2d 960 (Fla. 2d DCA 1979). The population projections were not the only basis for the Department’s finding that local conditions did not assure reasonable promise of successful operation for the appellants’ proposed bank and other banks already operating in the area. The final order considered the industry in the area, local employment and salary statistics, the location of the proposed bank in relation to existing banks, the quality and size of residential areas near the proposed site and past growth rates of existing banks in the immediate area. The Department had before it sufficient competent and substantial evidence supporting its decision to reject *330 the proposed bank’s application. Compare Pasco County School Board v. PERC, 353 So.2d 108 (Fla. 1st DCA 1977), in which PERC relied upon a special master’s report, not introduced into evidence before the DOAH hearing officer, to buttress its conclusion that the school board was guilty of an unfair labor practice. While we held that PERC should rely only on evidence submitted to the hearing officer, we concluded that there otherwise was competent and substantial evidence supporting the determination.
We have previously observed that the Department’s statements as to criteria (a) and (b) are more policy than fact and that the Department is given broad discretion to explicate that policy within the statutory limits. McDonald v. Department of Banking and Finance, 346 So.2d 569, 583-84 (Fla. 1st DCA 1977); Fraser v. Lewis, 360 So.2d 1116, 1118 (Fla. 1st DCA 1978). In this case, even absent population figures, the Department has explained the policy and the facts behind its decision sufficiently.
The appellants also argue that Section 120.60(3)(a)(2),[1] Florida Statutes (Supp. 1978), unconstitutionally deprived them of their rights to judicial process in an adversary hearing. Appellants complain that since their application had not been processed within 21 days after publication of notice, they were unaware of whether they wanted a hearing, therefore they failed to request one. The statute is not unconstitutional because applicants are required to request, or waive rights to, a hearing before the Department makes a decision on the application. We approved of such a procedure in McDonald v. Department of Banking and Finance, supra, at 578, n. 5 and Gadsden State Bank v. Lewis, 348 So.2d 343, 347 (Fla. 1st DCA 1977).
Appellant’s remaining point, relating to the alleged unconstitutionality of Section 659.03(l)(b) and (c) and 659.03(2)(a) and (b), has previously been rejected in Bigler v. Dep’t. of Banking and Fin., 368 So.2d 449 (Fla. 1st DCA 1979).
The order appealed from is AFFIRMED.
BOOTH and LARRY G. SMITH, JJ., concur.

. Providing that the Department is to publish notice of applications for authority to organize banks in the Florida Administrative Weekly within 21 days of receipt of the application. Thereafter, within 21 days of the publication, “any person” may request a Section 120.57 hearing on the application. Twenty-one days after publication of the notice, the right to a hearing is waived.