SCHEB, Acting Chief Judge.
Appellant challenges the penalty imposed on revocation of his teaching certificate by the Education Practices Commission (EPC) following an informal proceeding under section 120.57(2), Florida Statutes (Supp. 1986). We affirm.
The Commissioner of Education filed an amended administrative complaint against appellant. The appellant admitted the factual allegations of the complaint but requested an informal hearing. After hearing testimony from appellant and others on his behalf, the EPC determined that appellant had violated section 231.28(1), Florida Statutes (1985), by engaging in conduct which seriously reduced his effectiveness as a school board employee, and revoked his certificate for five years.
Appellant does not challenge the eviden-tiary basis for revocation of his certificate. Rather, he argues that the EPC violated his due process rights by considering matters outside the stipulated record when imposing its penalty. Although allegations concerning drug possession and use were deleted from the initial administrative complaint, a memorandum to the Commissioner of Education containing statements about drug use was included in the materials presented to the EPC.
The crux of appellant’s contention is that during discussion of a motion to revoke his certificate for two years one panel member made reference to the drug allegations. That motion was defeated. Subsequently a motion was passed revoking his certificate for five years.
We believe it was improper to include the memorandum which referred to appellant’s alleged use of drugs in the EPC’s materials. Nevertheless, we believe the panel had before it substantial competent evidence to support its decision, and since references to alleged drug activity were also present in the transcript of his deposition, which was part of the stipulated record, we believe that the inclusion of the memorandum was harmless error. See Peoples Bank of Indian River County v. State Department of Banking and Finance, 378 So.2d 328 (Fla. 1st DCA 1980), *711 aff'd, 395 So.2d 521 (Fla.1981); see also Polk v. School Board of Polk County, 373 So.2d 960 (Fla. 2d DCA 1979).
The EPC found appellant guilty based on the admitted facts stated in the complaint, and the penalty imposed was within the authority of section 231.28. Thus, this court is not authorized to review the penalty. Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla.1978).
RYDER and PARKER, JJ., concur.