538 So.2d 539 (1989)
Thomas C. PLUTO and Kathleen M. Pluto, His Wife, Appellants,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, DIVISION OF REAL ESTATE, Appellee.
No. 88-1197.
District Court of Appeal of Florida, Second District.
February 17, 1989.
Kenneth M. Meer of Infantino & Berman, Winter Park, for appellants.
Frederick H. Wilsen, Chief Staff Atty. for Dept. of Professional Regulation, Div. of Real Estate, Orlando, for appellee.
THREADGILL, Judge.
Appellants, Thomas Pluto and Kathleen Pluto, challenge the order of the Florida Real Estate Commission (Commission) suspending their licenses and imposing fines based on their alleged misrepresentation of a closing date. We affirm the Commission's findings of guilt, but reverse the penalties imposed because we find that the reasons given for increasing the penalties beyond those recommended by the hearing officer are legally insufficient.
The Florida Department of Professional Regulation filed an administrative complaint charging the appellants with several counts of fraud, misrepresentation, and culpable negligence in a business transaction, in violation of section 475.25(1)(b), Florida Statutes (1985). The appellants filed responses to the complaint and a hearing was held. At the conclusion of the hearing, the hearing officer found Thomas Pluto guilty of culpable negligence and recommended that his license be suspended for 90 days and "that he be reprimanded but that the execution of the suspension be stayed for one year with provision for automatic remission at the end thereof... ." The hearing officer also found Kathleen Pluto guilty of misrepresentation and recommended that she be reprimanded.
In its final order the Commission adopted the hearing officer's findings of fact and conclusions of law, but rejected his recommended penalties and imposed substantially increased penalties. The Commission stated that Thomas Pluto's penalty was contrary to those authorized under section 475.25(1), Florida Statutes, suspended his broker's license for two years and fined him $1,000. The Commission found Kathleen Pluto's penalty too mild in view of the gravity of the offense and suspended her license for six months and fined her $1,000.
In reviewing the Commission's actions in this case, we are guided by the principles in Department of Professional Regulation v. Bernal, 531 So.2d 967 (Fla. 1988). In Bernal, the supreme court stated that appellate courts should review the reasons given by an agency in modifying a hearing officer's recommended order, and if the reasons are found legally insufficient, remand with instructions to approve the hearing officer's recommendations. The court also advised that reviewing courts cannot substitute their judgment for the board's determination *540 if valid reasons for the board's order exist in the record and reference is made thereto.
Section 120.57(1)(b)(10), Florida Statutes (1986), provides that an administrative agency "may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action." The Commission attempted to justify the increased penalty of Thomas Pluto by finding it contrary to the penalties authorized by section 475.25(1), Florida Statutes (1986). We disagree. Although the recommended penalty is not as clear as it could be, it appears that the hearing officer recommended a penalty of ninety days suspension and a reprimand, both authorized by section 475.25(1). The remaining part of the penalty that provides for a stay of the suspension for one year with automatic remission appears to be a form of probation not authorized by the statute and may be disregarded on remand. In any event the recommended penalty was less than the penalty imposed by the Commission and the reason given for the increase was not authorized and therefore is invalid.
As to Kathleen Pluto, the Commission justified the increased penalty by stating merely that the recommended penalty was too mild without giving any further reason or citing to the record to justify the action. The action of the Commission plainly reflects its disagreement with the hearing officer's assessment of the severity of the charges, but this does not justify a substitution of its judgment for that of the officer. See Bernal v. Dep't of Prof.Reg., 517 So.2d 113, 116 (Fla. 3d DCA 1987), app'd, 531 So.2d 967 (Fla. 1988).
We therefore reverse the penalties imposed by the Commission and remand with instructions to approve the hearing officer's recommended penalties. In all other respects the order appealed from is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
CAMPBELL, C.J., and SCHEB, J., concur.