542 So.2d 457 (1989)
Moises GRIMBERG, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 89-16.
District Court of Appeal of Florida, Third District.
May 2, 1989.
Taylor, Brion, Buker & Greene and Paul Watson Lambert, Tallahassee, for appellant.
Kenneth E. Easley, Gen. Counsel, Stephanie A. Daniel, Chief Medical Atty., and Lisa S. Nelson and Gregory A. Victor, Attys., Tallahassee, for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
PER CURIAM.
Dr. Grimberg appeals that part of an order of the Board of Medicine increasing a penalty recommended by the hearing officer.
The findings of fact by the hearing officer  that the appellant/physician was not competent to make a diagnosis, was guilty of malpractice, and failed to keep records to justify the course of treatment with respect to three patients  are undisputed. The single issue presented is whether the Board of Medicine abused its discretion in rejecting, as too lenient, the penalty recommended by the hearing officer and imposing, inter alia, a license suspension until the physician demonstrates competency by additional training and passing the licensure examination of the Federation of State Medical Boards of the United States, Inc. (FLEX). See generally § 458.313(1)(a), Fla. Stat. (Supp. 1988). No abuse of discretion is shown. To the contrary, where the physician's conduct demonstrates a lack of competency the Board is obligated to suspend his license until it is satisfied that "such person is capable of safely engaging in the practice of medicine." § 458.331(3), Fla. Stat. (1987). The Board's reason for rejecting the recommended penalty  that the hearing officer did not appreciate the gravity of an inability to make accurate diagnoses  is fully explicated in the record and in the Board's final order. See Schomer v. Department of Prof. Reg., 417 So.2d 1089 (Fla. 3d DCA 1982). Compare Pages v. Department of Prof. Reg., 542 So.2d 456 (Fla. 3d DCA 1989) (failure to state in the order reasons for increasing the hearing officer's recommended penalty necessitated reversal). It is otherwise agreed that the increased penalty falls within the permissible range.
The appellate function, on review of penalties imposed by an administrative agency, is to determine whether there are valid *458 reasons in the record in support of the agency's order. See Florida Real Estate Comm'n v. Webb, 367 So.2d 201 (Fla. 1978). Reviewing courts cannot substitute their judgment for that of medical boards which have great expertise and broad statutory discretion. Department of Prof. Reg. v. Bernal, 531 So.2d 967 (Fla. 1988).
Affirmed.