SCHWARTZ, Chief Judge.
A hearing examiner found Dr. Escobar guilty of gross negligence in the perform- *1356 anee of a face-lift on a female patient and in an abortive attempt to correct the damage done in the initial operation. The penalty recommended to the Board of Medicine was a one year suspension followed by three years probation and a $2,500 fine. Upon review, the Board adopted the findings of guilt but increased the penalty to revocation of the physician’s license to practice. This appeal challenges only the latter ruling upon the ground that the Board’s order does not justify the increase under section 120.57(l)(b)10, Florida Statutes (1989).[1] We disagree and affirm.
The primary ground[2] adopted by the Board for the “departure” penalty was that the doctor was “unable ... to acknowledge the limitations of his competence or experience ... and [gave] little if any indication that [he] is interested in or capable of benefiting from retraining or reeducation.... ” This ground, which is based upon the record developed before the hearing examiner but does not duplicate his own reasoning in determining the penalty, is almost identical to the one approved in Grimberg v. Department of Professional Regulation, 542 So.2d 457 (Fla. 3d DCA 1989), review denied, 548 So.2d 663 (Fla.1989); accord Jimenez v. Department of Professional Regulation, 556 So.2d 1219 (Fla. 4th DCA 1990); Sneij v. Department of Professional Regulation, 548 So.2d 726 (Fla. 3d DCA 1989), dismissed, 554 So.2d 1168 (Fla.1989). For these reasons, the present order is decisively distinguishable from those in which the Board failed to state the reasons for an increase with the requisite particularity, e.g., Pages v. Department of Professional Regulation, 542 So.2d 456 (Fla. 3d DCA 1989), or merely disagreed with the hearing officer’s assessment of the severity of the offense in question. See Bernal v. Department of Professional Regulation, 517 So.2d 113 (Fla. 3d DCA 1987), aff’d, 531 So.2d 967 (Fla.1988); accord Hanley v. Department of Professional Regulation, 549 So.2d 1164 (Fla. 4th DCA 1989); Pluto v. Department of Professional Regulation, 538 So.2d 539 (Fla. 2d DCA 1989).[3] In our view, the Board’s opinion as to the doctor’s knowing propensity to treat patients in defiance of his inability to do so skillfully, which amounts to a determination of simple recklessness, as well as his non-amenability to correction or reform, are applications of the Board’s “expertise and discretion” in the practice of medicine, Bernal, 531 So.2d at 968, to which we are required to defer. Bernal, 531 So.2d at 967; Jimenez, 556 So.2d at 1219; Grimberg, 542 So.2d at 457.
10. The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action, [e.s.]
Affirmed.

.In pertinent part, the subsection provides:

. See infra note 3.

. While other grounds assigned by the Board for its departure sentence may well run afoul of what may be called the "mere disagreement," rule established in Bernal v. Department of Professional Regulation, 517 So.2d 113, 115 n. 2 (Fla. 3d DCA 1987), aff’d, 531 So.2d 967 (Fla.1988), we are certain that the Board would impose the same penalty decision upon the grounds we find sufficient in this opinion. Accordingly, we see no reason to remand for reconsideration of the penalty. State v. Weston, 510 So.2d 1001, 1003 n. 3 (Fla. 3d DCA 1987); Steiner v. State, 469 So.2d 179, 182 n. 10 (Fla. 3d DCA 1985), review denied, 479 So.2d 118 (1985).