943 So.2d 909 (2006)
Eduardo S. MENDEZ, M.D., Appellant,
v.
FLORIDA DEPARTMENT OF HEALTH, Appellee.
No. 1D05-5926.
District Court of Appeal of Florida, First District.
December 1, 2006.
*910 Katherine E. Giddings, William M. Furlow and Todd D. Engelhardt of Akerman Senterfitt, Tallahassee, for Appellant.
Dana Baird, Assistant General Counsel, Department of Health, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Eduardo Mendez, M.D., appeals a final order of the Board of Medicine (Board) approving the Administrative Law Judge's (ALJ) recommended order. We affirm the Board's order but write to address one issue raised on appeal, whether the disciplinary penalty imposed by the Board was statutorily authorized.
Appellant pled guilty to conspiring to pay for Medicare patient referrals, in violation of Title 18, United States Code section 371 (2000). Based on Appellant's conviction, the ALJ found that Appellant violated section 458.331(1)(c), Florida Statutes (2002), which provides that "[b]eing convicted or found guilty of, or entering a plea of nolo contendere to, regardless of adjudication, a crime in any jurisdiction which directly relates to the practice of medicine or to the ability to practice medicine" constitutes grounds for disciplinary action by the Board. The ALJ recommended that the Board suspend Appellant's license to practice medicine for nine months and impose a $5,000 fine. The ALJ further recommended that Appellant be placed on probation for two years following his suspension, "subject to such terms of probation as may appear to the Board of Medicine to be necessary and appropriate."
At the final hearing the Board adopted the ALJ's factual findings, conclusions of law, and recommended penalty. The Board explained that the terms of Appellant's probation include practicing only under the direct supervision of a fully licensed physician and a prohibition against dispensing controlled substances during the probationary period.
The Board's imposition of a penalty is reviewed under an abuse of discretion standard. See Dep't of Highway Safety & Motor Vehicles v. Silva, 627 So.2d 612 (Fla. 1st DCA 1993); Grimberg v. Dep't of Prof'l Regulation, Bd. of Med., 542 So.2d 457, 457 (Fla. 3d DCA 1989) ("The appellate function, on review of penalties imposed by an administrative agency, is to determine whether there are valid reasons in the record in support of the agency's order.").
Section 456.072(2), Florida Statutes (2002), lists penalties which the Board may impose when a person is found guilty of violating chapter 458, ranging from permanent revocation of a license to issuance of a letter of concern. The penalties include "Placement of the licensee on probation for a period of time and subject to such conditions as the board . . . may specify. Those conditions may include, but are not limited *911 to . . . work under the supervision of another licensee, or satisfy any terms which are reasonably tailored to the violations found." § 456.072(2)(f), Fla. Stat. (2002). When the Board imposes a penalty within the permissible statutory range; an appellate court has no authority to review the penalty. See Fla. Real Estate Comm'n v. Webb, 367 So.2d 201, 202 (Fla.1978); see also Aldrete v. Dep't of Health Bd. of Med., 879 So.2d 1244, 1246-47 (Fla. 1st DCA 2004) (recognizing that imposition of a penalty is a complex task that rests within the sound discretion of the Board).
The terms of probation imposed here, including direct supervision and revocation of Appellant's dispensing privilege, were authorized by and within the range of permissible penalties under section 456.072(2)(f), Florida Statutes; therefore, the Board did not abuse its discretion in imposing these probationary terms. Whether this court agrees or disagrees with the terms imposed is not the test of their validity. See Weiss v. Dep't of Business & Prof'l Regulation, 677 So.2d 98, 99 (Fla. 5th DCA 1996). This court cannot substitute its judgment for that of an administrative agency, charged with implementing and enforcing its own statute, when that agency has imposed a penalty within the permissible range of penalties. See id.; Grimberg, 542 So.2d at 457; Chiles v. Dep't of State, Div. of Elections, 711 So.2d 151, 155 (Fla. 1st DCA 1998).
AFFIRMED.
KAHN, HAWKES and THOMAS, JJ., concur.