SUAREZ, J.
Dr. Alberto Gonzalez-Gomez appeals from a final order of the Board of Medicine revoking his license to practice medicine. We affirm.
Gonzalez-Gomez was convicted, in United States District Court, of conspiracy to commit health care fraud in violation of federal law. He was sentenced to twenty-four months in federal prison, followed by twenty-four months of supervised release, payment of costs and restitution to the Medicare in the amount of $254,469.00. He continued to cooperate with the federal authorities and aid in their ongoing investigation; he did not notify the State Board of Medicine that he had surrendered his license to practice medicine to his parole officer.
The Florida Department of Health subsequently brought a disciplinary action against Gonzalez-Gomez in a three-count Administrative Complaint. Count 1 charged Gonzalez-Gomez with violating section 458.331(l)(c), Florida Statutes (2009), by being convicted of a crime directly relating to the practice of medicine, regardless of adjudication. Counts 2 and 3 charged the defendant with violating section 456.072(l)(x), Florida Statutes (2009), by failing to report the conviction to the Board of Medicine within thirty days and by failing to update practitioner information to reflect a conviction for health care fraud.
Gonzalez-Gomez requested an informal hearing before the Florida Board of Medicine (“Board”),[1] in order to attempt to *1141 mitigate the penalties. By requesting an informal hearing, as opposed to a formal hearing, Gonzalez-Gomez did not dispute the allegations of fact contained in the Administrative Complaint. Both parties were represented by counsel at the administrative hearing. Gonzalez-Gomez argued that the Board should follow its own precedent in similar factual cases and mitigate the penalty. The prosecuting attorney recommended the only disciplinary rule that applied, i.e., revocation and fíne pursuant to Florida Administrative Code Rule 64B8-8.001(2)(c)l. Pursuant to that rule, the Board revoked Gonzales-Gomez’s medical license and imposed a $10,000 fine.
Gonzalez-Gomez argues on appeal that the Board erred by disregarding its own precedents when considering mitigation of the penalty. At the hearing, Gonzalez-Gomez presented evidence in mitigation of the penalty, but the only guideline and penalty applicable to the appellee’s offense is that set forth by statute, and that is what the Board concluded was the proper outcome.[2] See Fla. Admin. Code R. 64B8-8.001(2)(c)l. Gonzalez-Gomez was convicted of “a crime directly relating to the practice or ability to practice” and “1. Involving a crime related to healthcare fraud in dollar amounts in excess of $5,000.00.” Id. The “first offense” penalty under the Rule is “1. Revocation ... of licensure and a fíne of $10,000.” Id. Gonzalez-Gomez was convicted of fraud in excess of $5,000.00, and thus the penalty for exceeding that threshold is what the Board applied.
The Board’s imposition of a penalty is reviewed under an abuse of discretion standard. Mendez v. Fla. Dep’t of Health, 943 So.2d 909, 910 (Fla. 1st DCA 2006). On review of penalties imposed by an administrative agency, the appellate court must determine whether there are valid reasons in the record in support of the agency’s order. Grimberg v. Dep’t of Prof'l Regulation, Bd. of Med., 542 So.2d 457, 457 (Fla. 3d DCA 1989); see also Fla. Real Estate Comm’n v. Webb, 367 So.2d 201 (Fla.1978). Also, reviewing courts cannot substitute their judgment for that of medical boards, which have great expertise and broad statutory discretion. Dep’t of Prof'l Regulation v. Bernal, 531 So.2d 967 (Fla.1988); see also Aldrete v. Dep’t of Health Bd. of Med., 879 So.2d 1244, 1246-47 (Fla. 1st DCA 2004) (recognizing that imposition of a penalty is a complex task that rests within the sound discretion of the Board); Mendez, 943 So.2d at 911 (“When the Board imposes a penalty within the permissible statutory range, an appellate court has no authority to review the penalty.”); Grimberg, 542 So.2d at 458. We conclude the Board did not abuse its discretion in imposing the penalty it did.
Further, the record clearly shows that Gonzalez-Gomez did not dispute any of the facts established in his federal conviction for Medicare fraud. After consultation with his attorney, he responded to the Board’s Complaint by requesting an informal hearing, and maintained the position throughout the administrative proceedings that there were no disputed issues of fact. At the outset of the administrative hearing, the Board recited that this was an informal hearing at which no disputed issues of fact would be presented. The doctor’s counsel did not object to or dispute *1142 this statement. It is undisputed that Gonzalez-Gomez pleaded guilty to Medicare fraud and entered into a plea agreement with the federal authorities that gave him liberal penalty reductions in exchange for his continued cooperation in the ongoing Medicare investigation. No one disputed that he actually cooperated until the case closed. These are not “disputed issues of fact” that can turn an informal hearing into a formal evidentiary hearing. Finally, the Board’s decision not to mitigate the statutory penalty is not an abuse of discretion.[3] See Mendez, 943 So.2d at 911; Grimberg, 542 So.2d at 457, 458.
The administrative order under review is affirmed.

. The Florida Board of Medicine is the administrative body charged with final agency action in the regulation of the practice of *1141 medicine pursuant to section 20.43 and chapters 456 and 458, Florida Statutes.

. The appellant cites to administrative rulings from agencies other than the Board of Medicine, as well as to cases that are legally not apposite. Further, the "Llovet” case the appellant refers to appears to differ in the level of offense, and therefore the level of penalty to be applied.

. Indeed, in the record, the Board gave its reasons for not mitigating:
CHAIRMAN THOMAS — -And the main concern that I have is health care fraud. Whether he told his parole officer or told his counsel is inconsequential. We are addressing the fact that he was involved in a major fraud and I believe in the state of Florida today people involved in medical fraud should not be practicing. And the only fair resolution is revocation.