# Third District Court of Appeal
## State of Florida

Opinion filed December 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1477
Lower Tribunal Nos. EPC No. 20-0140-RA and PPS No. 189-2770

_____


**Michael Andrew Moran,**
Appellant,

vs.

**Richard Corcoran, as Commissioner of Education,**
Appellee.


An Appeal from the State of Florida, Education Practices Commission.

Tripp Scott, P.A., and Edward J. Pozzuoli, Stephanie D. Alexander and Thomas B. Sternberg (Fort Lauderdale), for appellant.

Bonnie Wilmot, Deputy General Counsel, for the Florida Department of Education (Tallahassee), for appellee.


Before LOGUE, HENDON and LOBREE, JJ.

LOGUE, J.

Appellant challenges the severity of the penalty imposed upon him by the Education Practices Commission. The record shows that he did not dispute any of the facts alleged in the administrative complaint; he responded to the complaint by requesting an informal hearing which he elected to not attend; and the Commission adopted the uncontested findings of fact in the complaint and imposed a penalty within the authority of sections 1012.795(1)(j) and 1012.796(7), Florida Statutes, even though the penalty exceeded the recommendation by the Department of Education's attorney. Appellant asserts, however, that his due process rights were violated because he would have attended the informal hearing had he known how harshly some Commission members would characterize his communications which gave rise to the complaint filed against him. We find no support for this due process claim.

In these circumstances, whether or not we would have chosen so severe a sanction, this Court is not at liberty to impose its own view of the appropriate penalty. See, e.g., Cabezas v. Corcoran, 293 So. 3d 602, 604 (Fla. 1st DCA 2020) (affirming permanent revocation of educator's certificate following informal hearing where penalty was authorized by statute); Gonzalez-Gomez v. Dep't of Health, 107 So. 3d 1139, 1140–41 (Fla. 3d DCA 2012) (affirming permanent revocation of doctor's license where the doctor

2

did not dispute any of the facts in the administrative complaint and requested an informal hearing before the Board of Medicine); <u>Decola v. Castor</u>, 519 So. 2d 709, 711 (Fla. 2d DCA 1988) ("The EPC found appellant guilty based on the admitted facts stated in the complaint, and the penalty imposed was within the authority of section 231.28. Thus, this court is not authorized to review the penalty.").

Affirmed.