PER CURIAM.
Appellant asks this court to reverse an order of the Division of Alcoholic Beverages and Tobacco (Division) revoking its alcoholic beverage license. We affirm. There being findings of violations based on competent, substantial evidence, this court has no authority to review the imposition of a penalty allowed by law.
A review of the record discloses competent, substantial evidence supporting the Division finding that the dancers were employees of appellant. See Moles v. Gotti, 433 So.2d 1380, 1381 (Fla. 2d DCA 1983). Similarly supported is the finding that the dancers’ drug transactions were conducted in such an open, notorious, and repeated fashion that appellant did not reasonably supervise the activity, and as a result, “either fostered, condoned or negligently overlooked” the drug activity, in violation of the statute. See Pauline v. Lee, 147 So.2d 359, 364 (Fla. 2d DCA 1962); § 561.-29(1)(a), Fla.Stat. (1983).
This court is without authority to review the penalty imposed by the Division because that penalty was within the statutorily permissible range, and the findings upon which the violations were based were supported by the record. Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla.1978); Lash, Inc. v. State, Department of Business Regulation, 411 So.2d 276 (Fla. 3d DCA 1982); § 561.29(1)(a) and § 120.68(12), Fla.Stat. (1983).
We recognize the recent decision of our supreme court in Astral Liquors, Inc. v. Department of Business Regulation, 463 So.2d 1130 (Fla.1985), a case involving a transfer of a liquor license under section 561.32(2), Florida Statutes (1981), wherein the court stated:
We emphasize that discretionary agency action must be subject to judicial review to determine whether it meets the standard of reasonableness.
At 1132. (Emphasis supplied.) We do not, however, read this passage to mean that the judiciary may review the reasonableness of a penalty, as opposed to the discretionary issuance or transfer of a license. Even if that were true, we cannot say that the Division acted unreasonably in imposing the penalty in this case.
Accordingly, we affirm the Division’s order revoking appellant’s alcoholic beverage license.
AFFIRMED.
OTT, A.C.J., and DANAHY and LEHAN, JJ., concur.