484 So.2d 1284 (1986)
Betty Stevens HUTSON, Appellant,
v.
Thomas L. CASEY, As Superintendent of the Bradford County School System, Appellee.
No. BG-459.
District Court of Appeal of Florida, First District.
February 21, 1986.
Thomas W. Young, III, Gen. Counsel, FEA/United, Tallahassee, for appellant.
Terence M. Brown, Starke, and Daniel L. Molloy, of Molloy, James & Greco, Tampa, for appellee.
NIMMONS, Judge.
Hutson, a cosmetology instructor at the Bradford-Union Area Vocational Technical Center, appeals from an order of the Bradford County School Board dismissing her. We vacate the order and remand for the entry of an amended order.
The Bradford County School Superintendent instituted dismissal proceedings against Hutson by filing a petition for dismissal alleging a number of counts of immorality and misconduct in office.[1] She requested and received a hearing before a *1285 hearing officer of the State Division of Administrative Hearings.
After an evidentiary hearing, the hearing officer entered a recommended order. The hearing officer found that the Superintendent had only proven three of the twenty grounds alleged, namely: (1) that Hutson submitted a false per diem reimbursement request with the intent to obtain $50.00 she was not entitled to; (2) that she requested students to lie about an incident in which a patron in cosmetology class was burned; and (3) that she requested students to lie about the date they returned from a trade show to insure that they would receive the total allowable credit for the field trip. Based on those three instances of immorality and misconduct in office, the hearing officer recommended a penalty of suspension for one school year with reinstatement for the 1985-86 year. The superintendent filed exceptions to the recommended order and a special meeting of the School Board was scheduled to consider the recommended order and exceptions.
At the special meeting, counsel for appellant and the Superintendent presented their arguments with respect to the recommended order and exceptions. No new evidence was received. The board adopted a motion by one of its members to reject a finding of fact.[2] They then adopted the rest of the findings of fact and conclusions of law. Finally, a motion was made and approved to increase the recommended penalty by dismissing appellant. The only verbal expression made at the meeting by the Board for increasing the penalty was member Hall's statement, "I feel as a school board member I disagree with the penalty on her findings of fact." The written order subsequently entered by the Board stated as its reason for rejecting the penalty:
The findings of fact and conclusions of law set forth several acts of immorality and misconduct in office. Such actions are, by statute, grounds for dismissal and such is the appropriate penalty in this instance.
Appellant argues that current law requires the School Board to specify with more particularity its reasons for rejecting the hearing officer's recommended penalty. We agree. Chapter 84-173, Section 2, Laws of Florida, amended Section 120.57(1)(b)9 in the following manner (only the relevant portion of the statute is included):
The agency may accept or reduce the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
The language added by the 1984 amendment has apparently not yet been the subject of any appellate decision. However, it is apparent to us that the reasons for increasing the penalty were not articulated by the School Board with the specificity contemplated in the amended language. We therefore remand this case to the School Board for the purpose of entering an amended order which complies with the requirements of the above quoted language of Section 120.57(1)(b)9, assuming that the Board, on remand, chooses not to accept the hearing officer's recommended penalty. In its discretion, the Board may, but shall not be required to, entertain further arguments or submissions from the parties on the subject of the penalty to be imposed.
Our opinion should not be read as expanding the scope of judicial review on the substantive question of whether the penalty exacted  assuming the penalty to be within the range allowable by law  is appropriate punishment for the misdeeds of the person proceeded against. The apparent purpose of the above statute, as amended, is to provide some assurance that the agency has gone through a thoughtful process of review and consideration before making a determination to change the recommended *1286 penalty. As long as this statutory procedural requirement is met, we are not authorized to review the penalty. Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1979); Fresh Start v. Division of Alcohol, Beverage and Tobacco, 469 So.2d 244 (Fla. 2nd DCA 1985); Clark v. Department of Professional Regulation, 463 So.2d 328, 333 (Fla. 5th DCA 1985).
We have considered the other issues raised by appellant and find them to be without merit.
VACATED AND REMANDED.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Fla. Admin. Code Rule 6B-4.09(2) provides:

Immorality is defined as conduct that is inconsistent with the standards of public conscience and good morals. It is conduct sufficiently notorious to bring the individual concerned or the education profession into public disgrace or disrespect and impair the individual's service to the community.
Rule 6B-4.09(3) provides:
Misconduct in office is defined as a violation of the Code of Ethics of the education profession so serious as to impair the individual's effectiveness in the school system.
[2] Although the Board erred in rejecting that finding of fact, counsel for appellant candidly acknowledged at oral argument that such rejection did not entitle appellant to reversal in view of the Board's acceptance of the hearing officer's conclusion of law related to that finding.