517 So.2d 113 (1987)
Pedro F. BERNAL, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 87-697.
District Court of Appeal of Florida, Third District.
December 29, 1987.
*114 Frank Diaz Silveira, Miami, for appellant.
Lisa S. Nelson, Michael J. Cohen, Stephanie A. Daniel, and Joseph A. Sole, Dept. of Professional Regulation, Tallahassee, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
SCHWARTZ, Chief Judge.
The appellant Dr. Bernal, a licensed physician, was initially administratively charged with several counts of assisting the practice of medicine by unlicensed persons at the clinic of which he was the director. Although the prosecuting agency, the Department of Professional Regulation, and Dr. Bernal reached an agreement under which he was to be given a reprimand and two years supervised probation, the Board of Medicine declined to approve the parties' stipulation and the matter was therefore heard on its merits before a hearing examiner. At the conclusion of the hearing, the examiner found the doctor guilty of three counts of the complaint against him, and upon a full consideration of the relevant factors,[1] recommended a *115 penalty of 90 days suspension of Dr. Bernal's license followed by a one year probation. The department filed exceptions to the recommended penalty seeking a one year suspension instead. Dr. Bernal excepted to the conclusions of guilt. Upon review, the medical board rejected Dr. Bernal's exceptions, but accepted those of the department to a fare-thee-well. It found the recommended penalty too lenient and issued an order, from which Dr. Bernal has taken this appeal, revoking his medical license outright. We affirm the findings of guilt but reverse the increase in the penalty beyond that recommended by the hearing officer.
Since the findings of Dr. Bernal's violations are amply supported by the testimony, we reject the appellant's contrary contention on the issue. See City of Miami v. Huttoe, 38 So.2d 819 (Fla. 1949); Nelson v. State ex rel. Quigg, 156 Fla. 189, 23 So.2d 136 (1945), cert. denied, 327 U.S. 790, 66 S.Ct. 809, 90 L.Ed. 1016 (1946); Roper v. Structural Pest Control Comm'n, 155 So.2d 846 (Fla.3d DCA 1963).
We reach a different conclusion as to the punishment question. The ability of an agency to deviate from the penalty recommended by a hearing officer is governed by section 120.57(1)(b)(10), Florida Statutes (Supp. 1986), which provides that:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
In attempted adherence to this provision, the board justified its increase in the penalty upon the following conclusions:
Upon a complete review of the record in this case, the Board determines that the penalty recommended by the Hearing Officer be REJECTED as being too lenient under the circumstances for the reasons set forth in the Exceptions filed by the Petitioner, Department of Professional Regulation. Specifically, the Respondent was less than candid in his testimony before the Hearing Officer  as found by the Hearing Officer. Patients were endangered by the fact that unlicensed persons, persons who had not established their ability to practice medicine with skill and safety, were practicing medicine, which is a felony. See section 458.327, Florida Statutes.
In our view, neither ground asserted by the board passes muster under the statute. The first, the doctor's alleged lack of candor in his testimony before the hearing officer himself, is an offense with which he was not charged. In any case, one's conduct in defending an action against him may not be the subject of an increased penalty if he is nevertheless found guilty of the substantive crime charged. On these points, we believe that the cases which hold that even perjury or other misconduct in the defense of a criminal charge may not provide a ground for an increased sentence or an upward deviation from the sentencing guidelines are analogous and most persuasive.[2]City of Daytona Beach v. Del Percio, 476 So.2d 197, 205 (Fla. 1985); Dixon v. State, 513 So.2d 1378 (Fla.3d DCA 1987); Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985); Evrard v. State, 502 So.2d 3 (Fla.4th DCA 1986); Spivey v. State, 481 So.2d 100 (Fla. 3d DCA 1986).
The other ground asserted, which refers to the alleged seriousness of the offense, is likewise insufficient. It seems clear that this ground does not "cite to the record in justifying the action"; and, more importantly, simply reflects the board's difference of opinion or disagreement with the assessment of the seriousness of the offense by the hearing officer, made not as a general proposition, but as tailored to the *116 situation of Dr. Bernal in particular. A mere disagreement of this kind does not, under our statute, justify a substitution of the judgment of the board for that of the officer. Van Ore v. Bd. of Medical Examiners, 489 So.2d 883 (Fla. 5th DCA 1986); Hutson v. Casey, 484 So.2d at 1284. Our conclusion to this effect is in accord with Judge Nimmons's dissent in Britt v. Dep't of Professional Regulation, 492 So.2d 697, 700 (Fla. 1st DCA 1986), which is very similar to this case, see also Rotstein v. Dep't of Professional Regulation, 397 So.2d 305, 308 (Fla. 1st DCA 1980) (Wentworth, J., dissenting to original opinion) (board's rejection of recommended probation and revocation of professional license based on prior conviction "of a very serious nature" conclusory and "not substantiated by any reference to record evidence"), pet. for review denied, 402 So.2d 609 (Fla. 1981). It is therefore also in direct conflict  which we certify to the supreme court  with the majority opinion in Britt.[3]
For the reasons stated, the findings and conclusions of guilt are affirmed. Because, however, the grounds asserted for increasing the recommended penalty are legally insufficient, the penalty is reversed and the cause is remanded for the implementation of the recommendation of the hearing officer.
Affirmed in part, reversed in part.
NOTES
[1] The examiner's recommendation stated:

In determining the appropriate penalty to recommend, I have given particular consideration to the nature of the violations; to the fact that although unlicensed practice of medicine was permitted, there was no evidence of harm to any patient; and to the fact that Respondent appears to be an elderly man who is not in the best of health. .. .
[2] In addition, the hearing examiner himself found a lack of candor, but apparently ascribed no significance to it in affixing the appropriate punishment. Thus the board's reliance on the point constitutes no more than a mere disagreement with the recommendation, which may not form the basis of an increased penalty. See Hutson v. Casey, 484 So.2d 1284 (Fla. 1st DCA 1986).
[3] Presumably, upholding one but not the other ground for "departure" from the officer's recommendation would require a remand to determine if the board would increase the penalty on the basis of that reason alone. Albritton v. State, 476 So.2d 158 (Fla. 1985).