531 So.2d 967 (1988)
DEPARTMENT OF PROFESSIONAL REGULATION, Petitioner,
v.
Pedro F. BERNAL, M.D., Respondent.
No. 71854.
Supreme Court of Florida.
October 6, 1988.
*968 Lisa S. Nelson, Appellate Atty., Mike Cohen, Trial Atty., and William O'Neil, Gen. Counsel, Dept. of Professional Regulation, Tallahassee, for petitioner.
Frank Diaz Silveira of Diaz Silveira & Associates, P.A., Coral Gables, for respondent.
McDONALD, Justice.
We accepted Bernal v. Department of Professional Regulation, 517 So.2d 113 (Fla. 3d DCA 1987), for review because the district court certified conflict with Britt v. Department of Professional Regulation, 492 So.2d 697 (Fla. 1st DCA 1986). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and approve Bernal and disapprove Britt.
A hearing officer recommended a ninety-day suspension followed by a one-year probation after finding that Dr. Bernal had assisted the practice of medicine by unlicensed persons.[1] The Department of Professional Regulation filed exceptions to the penalty and recommended a one-year suspension. The Florida Board of Medicine, however, revoked Dr. Bernal's medical license outright. Its recited reasons for rejecting the recommended penalty were that Dr. Bernal was less than candid in his testimony before the hearing officer and that patients were endangered by unlicensed persons practicing medicine.
The district court, noting the provisions of subsection 120.57(1)(b)10, Florida Statutes (Supp. 1986), found that the reasons utilized to modify the recommended order were insufficient and directed the board to implement the penalty recommended by the hearing officer. DPR argues that the district court cannot substitute its judgment for the medical board and must approve the board's recommendations. This is not what the district court did. It found that the board did not comply with the statute's requirement of stating valid reasons and citing to the record to justify its action. We hold that the district court can and should review the reasons asserted by an agency in modifying a hearing officer's recommended order. If the reasons for the change are legally insufficient, it is entirely appropriate to remand with instructions to approve the hearing officer's recommendations.[2]
While we approve the district court of appeal's decision in this case, we are mindful that the medical board has great expertise and discretion. Reviewing courts cannot substitute their judgment for a board's determination if valid reasons for the board's order exist in the record and reference is made thereto. See Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1978). The district court recognized that principle of review here.
We approve the decision under review and, to the extent it conflicts with this opinion, disapprove Britt v. Department of Professional Regulation, 492 So.2d 697 (Fla. 1st DCA 1986).
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Dr. Bernal cross-appealled the finding of guilt. We reject his contention on this.
[2] We reject DPR's contention that the matter should be remanded to the board to give it a second chance to modify the penalty.