542 So.2d 456 (1989)
Beltran J. PAGES, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 88-2141.
District Court of Appeal of Florida, Third District.
May 2, 1989.
Dunn, Dresnick, Lodish & Miller and Mark A. Dresnick, Miami, and Helen L. Stone, Miami Beach, for appellant.
Lisa S. Nelson, Bill O'Neil, Jonathan King, Stephanie A. Daniel, and Kenneth E. Easley, Tallahassee, for appellee.
Before SCHWARTZ, C.J., BARKDULL, J., and JAMES C. DAUKSCH, Jr., Associate Judge.
JAMES C. DAUKSCH, Jr., Associate Judge.
This is an appeal from an order of appellee suspending appellant from the practice of medicine for three years and for probation for an indefinite period thereafter. The evidence amply supports the penalty recommended by the hearing officer, to six months suspension and a fine and two years probation. In order for the appellee to increase the penalty, as it did, it is necessary to comply with Section 120.57(1)(b)(10), Florida Statutes (1987). See Bernal v. Department of Professional Regulation, 517 So.2d 113 (Fla. 3d DCA 1987), affirmed, 531 So.2d 967 (Fla. 1988). It is necessary for the Board of Medicine to conduct a "review of the complete record ..." and state "with particularity its reasons" for increasing the penalty "... in the order, by citing to the record in justifying the action." That was not done here and that failure requires reversal. We reverse the order increasing the penalty and remand the matter to the Board of Medicine for entry of a proper order. Upon remand the Board may want to reconsider, or be *457 prepared to justify, its "indefinite," potentially lifetime, probation requirement.
Penalty order reversed; remanded.