549 So.2d 1164 (1989)
M. James HANLEY, R.N., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF NURSING, Appellee.
No. 88-1069.
District Court of Appeal of Florida, Fourth District.
October 11, 1989.
Charles W. Musgrove, West Palm Beach, for appellant.
Michael Mone, and Lisa S. Nelson, Dept. of Professional Regulation, Tallahassee, for appellee.
WALDEN, Judge.
M. James Hanley appeals from an order of the Florida Department of Professional Regulation, Board of Nursing. Hanley was a registered nurse employed at Harborside Hospital in St. Petersburg, Florida. An administrative complaint was filed against Hanley for certain comments he made to a suicidal psychiatric patient regarding the filming of a person committing suicide. The complaint also alleged that Hanley made the derogatory comment, "here comes the crazies"[1] in the presence of a psychiatric counsellor and a psychiatric patient.[2]
Ultimately a formal administrative hearing was conducted before a Hearing Officer concerning these matters. The Hearing Officer entered a recommended order which concluded that Hanley had acted in an inappropriate and unprofessional manner in violation of section 464.018(1)(f), Florida Statutes and recommended that Hanley be reprimanded. The Hearing Officer also recommended that the Board refrain from imposing a more severe penalty based upon the facts of the case and the fact that this was Hanley's first violation after nearly seven years in practice. Thereafter the Board of Nursing entered its final order adopting the Hearing Officer's *1165 recommended facts and conclusions of law, but rejecting the proposed penalty as being inadequate for the potentially dangerous behavior in which Hanley had engaged. The Board placed Hanley on probation for a two year period. Hanley appeals from this order. We reverse the order placing Hanley on probation and remand for reinstitution of the order reprimanding Hanley.
The Hearing Officer's recommendation of a lesser penalty was supported by mitigating factors, that is, that this was Hanley's first violation of Chapter 464 after almost seven years of practice in Florida, and that this violation involved one patient on a single day. The ability of the Board to deviate from the penalty recommended by the hearing officer is governed by section 120.57(1)(b)(10), Florida Statutes (1987) which provides:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
In order for the Board to increase the penalty recommended by the Hearing Officer it would have to state with particularity its reasons for increasing the penalty and cite to those reasons which justify the action. See Pages v. Department of Professional Regulation, Board of Medicine, 542 So.2d 456 (Fla. 3d DCA 1989); Bernal v. Department of Professional Regulation, Board of Medicine, 517 So.2d 113 (Fla. 3d DCA 1987). In Bernal one of the reasons given by the board for increasing the penalty was the appellant doctor's lack of candor in his testimony before the hearing officer. Bernal contains a footnote concerning the grounds for increasing the penalty which indicates that reasons already considered by the hearing officer do not justify departure. The footnote states:
In addition, the hearing examiner himself found a lack of candor, but apparently ascribed no significance to it in affixing the appropriate punishment. Thus the board's reliance on the point constitutes no more than a mere disagreement with the recommendation which may not form the basis of an increased penalty. See Hutson v. Casey, 484 So.2d 1284 (Fla. 1st DCA 1986).
517 So.2d at 115.
In the instant case the only reasons which the Board stated for increasing the penalty were factors which the Hearing Officer had already specifically considered in making his recommendation, that is, the paragraph of the hearing officer's recommended order finding that the comment "here come the crazies" was unprofessional and jeopardized the patient's self-esteem; and the paragraph finding that Hanley had a conversation regarding filming a person committing suicide. The Board also referred to a section of the transcript regarding the potential danger involved in making negative comments to a person who is already experiencing low self esteem. These were all factors which the Hearing Officer had specifically considered when he made his recommendation; thus, they do not justify the Board's increase in penalty. As the court in Bernal indicates, the reasons to justify the increase must do more than "simply reflect the board's difference of opinion or disagreement with the assessment of the seriousness of the offense by the hearing officer." 517 So.2d at 115.
Reversed and remanded for reinstitution of the order of reprimand.
LETTS, J., concurs specially with opinion.
GUNTHER, J., dissents with opinion.
LETTS, Judge, specially concurring.
I agree with Judge Walden, but take time out to comment on another facet of this case which constitutes a mitigating factor. This controversy began with the Board taking a default against Hanley, which caused him to suffer a suspension from his livelihood for some eight months before that default was set aside for total lack of due process. In actuality, he not only was reprimanded but also suspended. In reversing, the Board made no reference to any of the mitigating factors attendant *1166 to this incident and discussed by the hearing officer. It certainly should have done so if it found them unsupportable.
GUNTHER, Judge, dissenting.
I respectfully dissent. In my view, Department of Professional Regulation v. Bernal, 531 So.2d 967 (Fla. 1988) teaches us that an appellate court cannot substitute its judgment for a board's determination to increase a penalty if valid reasons to increase exist. In the instant case, the reasons cited by the agency and referred to in the majority opinion are, in my view, valid and legally sufficient reasons to increase the penalty imposed by the hearing examiner.
Moreover, in Bernal, the supreme court emphasizes that we should be mindful that a board has great expertise and discretion to increase a penalty. Id. at 968. In the instant case, the board, in my view, did not abuse its discretion. Accordingly, I would affirm the board's order placing appellant on probation for a period of two years.
NOTES
[1] Hanley asserts that this was a quote from a movie.
[2] The record does not show that the patient heard the comment. However additional nursing staff may have heard it.