556 So.2d 1219 (1990)
Fernando JIMENEZ, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 88-1373.
District Court of Appeal of Florida, Fourth District.
February 21, 1990.
Earl Faircloth of Faircloth & Chambers, P.A., Fort Lauderdale, for appellant.
Lisa S. Nelson, Tallahassee, for appellee.
DOWNEY, Judge.
This is a timely administrative appeal from a final order of the Department of *1220 Professional Regulation, Board of Medicine enhancing the recommended penalty of the hearing officer against appellant. We affirm.
The Department of Professional Regulation (the Department) filed an administrative complaint against appellant, Fernando Jimenez, a medical doctor (the doctor), charging him in several counts with statutory violations including knowingly filing false medical reports, failing to keep written medical reports justifying the course of treatment of a patient, William Dean, by making deceptive, untrue and fraudulent representations in the practice of medicine and failure to meet the standard of care, skill and treatment required of a medical practitioner under the circumstances.
The matter was heard before an administrative hearing officer who found in a Recommended Order that the doctor had treated Dean over a period of several years before he died of heart failure; that Dean's wife filed a malpractice suit against the doctor and obtained copies of the doctor's medical records; that she also filed a complaint with the Department and in due course the Department obtained a set of the doctor's medical records. This latter copy differed from the earlier set obtained by Mrs. Dean in that they contained some additions which indicated the doctor had advised Dean to have a stress test and an angiogram and that Dean refused both. The Recommended Order concluded that the doctor had added the foregoing information nearly a year later after the Department's investigation was begun and constituted filing false reports since the records did not indicate they were later additions. He also found the doctor had violated other statutes requiring written records justifying the course of treatment which were not kept but were provided nearly a year later. The Hearing Officer also concluded that the only logical reason for the additions to the medical records was to forestall any criticism relating to his failure to have Dean undergo a stress test and angiogram. Finally, the Order concluded that the doctor was guilty of malpractice or the failure to measure up to the standard of skill and care required under similar conditions and circumstances. The Order recommended that the Board of Medicine enter a final order placing the doctor on probation for one year and assess a $5,000 fine.
The doctor filed exceptions to the Recommended Order but later waived them. The Department also filed an exception to the penalty recommended and suggested the Board consider as aggravating factors in assessing a reasonable sanction the following:
2. As noted by the Hearing Officer in paragraph 7 of the Conclusions of Law: "On the basis of the evidence presented, it appears that the only logical reason respondent had to alter the medical records was to cover any criticism relating to his failure to have Dean undergo a stress test and angiogram."
3. Frankly, the Respondent lied. When he was being sued for malpractice he testified that he made the late entries from memory to document what he knew was the truth. In this case he changed his story, disclaimed the late entries Mrs. Dean did not have prior copies of and testified that as to the one record which was irrefutable, that it was a mere transcription. It was clear that this was not the truth.
4. Alteration of medical records is a crime and should not be dealt with lightly. Section 395.0165, Florida Statutes (1985).
In due course, the Board of Medicine filed a Final Order in which it approved the findings of fact and conclusions of law contained in the Recommended Order and granted the Exception filed by the Department. The Final Order stated:
Upon a complete review of the record in this case, the Board determines that the penalty recommended by the Hearing Officer should be increased for the reasons set forth in Petitioner's Exception. Alteration of records is basic [sic] act of dishonesty and is very serious in light of the importance of a physician's need to keep accurate and honest medical records.
Based upon the foregoing, the Board suspended the doctor's license for one year, fined him $5,000, and placed him on probation *1221 for a period of two years following the suspension.
The doctor perfected this appeal from said Final Order contending that the Board failed to comply with section 120.57(1)(b)(10), Florida Statutes (1987) when it enhanced the recommended penalty. It is further contended that the reasons announced for the enhancement were legally insufficient.
The cited statute provides that a recommended penalty may not be increased by an agency without a review of the entire record and without stating with particularity its reasons by citing to the record. Review of the record presented reflects that the Board did review the complete record made before the Hearing Officer and the Final Order states with particularity its reasons for enhancement and cites to the record to support them. Thus, we find no merit in appellant's main point on appeal.
As to the second aspect of the doctor's appellate presentation, we are persuaded that the grounds relied upon by the Board to enhance the penalty are entirely sufficient. Furthermore, the Supreme Court of Florida has admonished reviewing courts that the medical board (the agency here) has "great expertise and discretion" in these matters thus rendering it inappropriate for such courts to substitute their judgment for a board's determination if valid reasons exist in the record and reference is made thereto. Department of Professional Regulation v. Bernal, 531 So.2d 967 (Fla. 1988).
Accordingly, we affirm the Final Order appealed from.
DELL and STONE, JJ., concur.