561 So.2d 410 (1990)
Rajendr BAJRANGI, d/b/a Quick Stop Center, Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
No. 89-1877.
District Court of Appeal of Florida, Fifth District.
May 10, 1990.
*411 Neal T. McShane, Orlando, for appellant.
Harry Hooper, Tallahassee, for appellee.
GRIFFIN, Judge.
Appellant is the owner and operator of the Quick Stop Center convenience store in Sanford, Florida. On May 23, 1988, an "underage operative" working with the Sanford Police Department entered the Quick Stop Center, took a can of Miller beer from the cooler and proceeded to the checkout counter. Appellant, who was operating the cash register, rang up the sale and accepted payment from the operative without requesting any identification. As a result of this transaction, which violated Florida law, appellant received notice from the Division of Alcoholic Beverages and Tobacco (the "Division") to show cause why his license should not be suspended or revoked.
Appellant requested a hearing. He complained that he had never been in violation before and that he had been entrapped by an operative who looked well over the age of 25 at a time when he was preoccupied with the store full of "rowdies". Mainly, however, he objected that the penalty offered him by the Division  $1,000 in fines and a license suspension of 18 days  would put him out of business.
The matter was referred to the Division of Administrative Hearings and a hearing was held at which appellant represented himself. During the course of the hearing, the Division called as its witness Mr. David Ramey, a "law enforcement investigator" for the Division. After Mr. Ramey read the beer can and rendered an opinion concerning the contents of the can (i.e., that it was beer) the following dialogue between counsel for the Division questioning Mr. Ramey, followed by questions from the hearing officer transpired:
Question: All right. Now, are you familiar with the penalty guidelines for the sale of alcoholic beverages to a minor by a licensee personally?
Answer: Yes, sir.
Question: And what does that penalty guideline call for in a case such as this?
Answer: A thousand dollar fine and 20 days suspension of the license.
Question: A thousand dollars civil penalty?
Answer: Yes, sir.
Question: Okay.
Counsel: I have no further questions.
Hearing Officer: Mr. Bajrangi, your  do you have any questions for Mr. Ramey?
Mr. Bajrangi: No, Sir.
Hearing Officer: Mr. Ramey, you are referring to guidelines approved by the Department in the Florida Administrative Code.
Mr. Ramey: Yes, sir.

*412 Hearing Officer: Okay.
Counsel: Actually, it's statute, sir. We'll give it to you. It's 562.47.
After the hearing, the Division filed with the hearing officer its proposed recommended order containing findings of fact and conclusions of law. Also included was a recommendation that appellant be found guilty of the offense charged, and "that the [Division] should assess a 20-day license suspension and a $1,000 civil penalty." Appellant evidently did not submit a proposed order. Subsequently, the hearing officer issued his recommended order to the Division. The recommended order tracks closely the findings of fact proposed by the Division. The hearing officer also found as fact that: "The usual penalty for a licensee selling to an underage person is $1,000 civil penalty accompanied by a 20-day license suspension" (emphasis added). The hearing officer also made findings rejecting the "distraction" defense of appellant. Among the hearing officer's conclusions of law was the following:
5. In his proposed recommended order, counsel for petitioner suggests an administrative fine of $1,000 and a license suspension of 20 days as an appropriate penalty. There is no evidence of prior violations and no rules or guidelines regarding appropriate penalties. A range of penalties is available in sections 561.29(1) and (3), Florida Statutes, and the recommendation for such a long suspension period for a first offense is not supported by evidence or argument.
The hearing officer's recommended penalty was imposition of a civil fine of $1,000 and a 3-day license suspension.
On August 24, 1989, the Division entered its final order, which purported to adopt the recommended order "in toto", with the exception of the 3-day suspension recommendation. The final order termed the suspension of three days "inappropriate". The final order also rejected as erroneous the hearing officer's conclusion of law that there were no penalty guidelines, reciting the portion of the above-quoted testimony of Mr. Ramey, but without including reference to the hearing officer's follow-up questions concerning the source of the "guidelines" or the responses he received. The final order continued as follows:
Moreover, upon a consideration of the transcript, as required by section 120.57(9), Florida Statutes, all of the surrounding facts and circumstances of the case, as well as the need to protect the underaged citizens of this state from the evils of alcohol abuse, it is the opinion of the Director that a three day suspension is insufficient to convey to the licensee the serious nature of violating section 562.11, Florida Statutes.
You will not be surprised to learn, gentle reader, that the penalty imposed by the Division was a 20-day suspension and a fine in the amount of $1,000. Appellant has appealed the Division's increase of the hearing officer's recommended penalty and we reverse.
The issue before the court is whether the Division was entitled, in its final order, to augment the penalty recommended by the hearing officer after the formal hearing. This issue was first addressed by the Florida Supreme Court in 1978 in the case of Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1978). In Webb, after an administrative hearing, the hearing officer recommended that the respondent real estate brokers be reprimanded, expressly finding suspension of the brokers' licenses was not warranted. The Florida Real Estate Commission adopted the hearing officer's findings of fact and conclusions of law but increased the recommended penalty to a 60-day suspension. On appeal, the supreme court held that the appellate court had no authority to direct the commission to amend its order to conform with the recommended penalty of the hearing officer. The court's conclusion was grounded in the language of section 120.68(12), Florida Statutes (1975). The Webb court rejected the notion that the discretion of the agency was somehow limited by the language of section 120.57(1)(b)(9), Florida Statutes (1975). That statute, which is the predecessor to the statute governing the case at bar, required the agency to review *413 the entire record before increasing a recommended penalty, but contained no requirement that the agency explain its rationale for any increase. 367 So.2d at 204.
Section 120.57(1)(b)(9) was amended in 1984 in a very significant way. An agency may no longer reduce or increase a recommended penalty without a review of the complete record and without stating with particularity its reasons in the order, by citing to the record "in justifying the action."
The effect of this amendment was first discussed in the case of Hutson v. Casey, 484 So.2d 1284 (Fla. 1st DCA 1986). In that case, the school board of Bradford County had rejected the one year suspension penalty recommended by the hearing officer and, instead, elected dismissal. As grounds for its decision, the board stated:
The findings of fact and conclusions of law set forth several acts of immorality and misconduct in office. Such actions are, by statute, grounds for dismissal and such is the appropriate penalty in this instance.
Holding that the foregoing rationale was insufficient to satisfy the requirements of the amended section 120.57(1)(b)(9)[1], the First District remanded the case to the school board to either comply with the requirements of the statute or accept the hearing officer's recommended penalty.
The Hutson court cautioned that its decision should not be read as an expansion of the scope of judicial review of the propriety of an enhanced penalty imposed by the agency. The court ventured that the apparent purpose of the amended statute was "to provide some assurance that the agency has gone through a thoughtful process of review and consideration before making a determination to change the recommended penalty." 484 So.2d at 1285.[2]
Later in 1986, the First District Court of Appeal decided Britt v. Dep't of Prof. Reg., 492 So.2d 697 (Fla. 1st DCA 1986). In that case, the hearing officer's recommended order stated that the appropriate penalty was suspension of the appellant's medical license for 30 days, followed by probation and a fine. The agency adopted the recommended order but increased the recommended penalty, citing reasons for doing so which, in essence, amounted to a disagreement with the hearing officer concerning appropriate sanctions. The Britt court, citing Hutson v. Casey, reasoned that a recommended penalty may not be increased merely upon an agency's disagreement with a recommendation, absent a statement of specific reasons for the increase. Because, however, the reasons for the increase were adequately stated, the First District refused to require reinstatement of the hearing officer's recommended penalty.
The Third District Court of Appeal promptly reached an opposite conclusion in Bernal v. Dep't of Prof. Reg., 517 So.2d 113 (Fla. 3rd DCA 1987). There the court undertook to address the question of the sufficiency of the reasons given by the agency for increasing the penalty. Finding both of the stated grounds for increase to be legally insufficient, the Third District reversed the penalty and remanded the matter to the agency for implementation of the hearing officer's recommended sanctions. The Third District also certified its conflict with the First District's Britt decision. The Supreme Court of Florida, approved the Third District's approach in Bernal and held:
[The] District Court can and should review the reasons asserted by an agency in modifying a hearing officer's recommended order. If the reasons for the change are legally insufficient, it is entirely appropriate to remand with instructions to approve the hearing officer's recommendations.
*414 Dep't of Prof. Reg. v. Bernal, 531 So.2d 967 (Fla. 1988). In a footnote, the supreme court rejected the agency's argument that it was entitled to a remand to correct any deficiency in its stated findings. 531 So.2d at 968 n. 2.
The supreme court cautioned in Bernal that, because the agency has great expertise and discretion, a reviewing court cannot substitute its judgment for a board's determination if "valid reasons" for the board's order exist in the record, citing Webb as authority. 531 So.2d at 968. The Bernal court expressed no guidelines for determining whether an agency's rationale for increasing a penalty is "legally insufficient" or "valid" and there is some disagreement concerning the circumstances in which an appellate court should invalidate agency orders that alter penalties recommended by hearing officers.[3] The Third District's opinion in Bernal suggests that a reason is "invalid" or "legally insufficient" simply because the agency disagreed with the weighing of factors considered by the hearing officer. But in light of the agency's "great expertise and discretion" is the agency's reweighing of the pertinent facts necessarily "legally insufficient" or "invalid"? Suppose the hearing officer does not catalogue exhaustively all the facts that form the basis for his or her penalty recommendation? What if the agency changes the penalty by the simple expediency of adding a factor that does not expressly appear in the recommended final order, such as, in the present case, the need to protect minors from the "evils of alcohol"?
The facts underlying Bernal provide some insight. There the court was presented with two written reasons for departure: (1) that the licensee was less than candid in his testimony before the hearing officer, and (2) that the licensee's aiding and abetting of unlicensed persons to practice medicine actually endangered patients. The invalidity of the first ground is not difficult to discern. The agency is not empowered to penalize a licensee for the way in which he conducts his defense of the license revocation proceeding. A more difficult problem is presented by an increase of the penalty based upon the second stated ground, patient endangerment. The Third District Court in Bernal concluded this ground was invalid because it was no more than an expression of the agency's difference of opinion concerning the seriousness of the offense. 517 So.2d at 115.
The Fourth District Court of Appeal has recently addressed this problem in two cases. In Hanley v. Dep't of Prof. Reg., 549 So.2d 1164 (Fla. 4th DCA 1989), the licensee was a registered nurse who had made certain improper comments to psychiatric patients under his care. A formal hearing was held and the hearing officer recommended that Hanley be reprimanded rather than being more severely punished "based upon the facts of the case and the fact that this was Hanley's first violation after nearly seven years in practice." 549 So.2d at 1164. The board adopted the hearing officer's recommended facts and conclusions of law, but rejected the hearing officer's recommended penalty, substituting one more severe. In support of their decision to enhance the penalty, the board relied on factors that the hearing officer had already considered in making his recommendation, including the unprofessional nature of the behavior and the actual and potential danger to the patients under his care. Finding that the board's determination to increase the penalty amounted to no more than a difference of opinion or disagreement with the assessment of the seriousness of the offense, the panel majority reversed and remanded for imposition of the hearing officer's recommended penalty. 549 So.2d at 1165. See also Pages v. Dep't of Prof. Reg., 542 So.2d 456 (Fla. 3d DCA 1989).
In Jimenez v. Dep't of Prof. Reg., 556 So.2d 1219 (Fla. 4th DCA 1990), a different panel of the Fourth District Court of Appeal upheld the Board of Medicine's increase of a penalty on two grounds: (1) that the physician had lied at the hearing and (2) alteration of medical records *415 "should not be dealt with lightly." These reasons appear similar to the reasons found invalid in Bernal.
The First District Court found the Board of Medicine's reasons for augmenting a penalty insufficient in Ticktin v. Dep't of Prof. Reg., 550 So.2d 518 (Fla. 1st DCA 1989), and in Pluto v. Dep't of Prof. Reg., 538 So.2d 539 (Fla. 2d DCA 1989), the Second District Court of Appeal similarly rejected the increase of a penalty by the Real Estate Commission.
The case at bar is, in one sense, very much like Hanley, Ticktin, Pluto and Bernal in that the Division and the hearing officer at bottom simply disagree about the appropriate penalty for the appellant's single act of sale of a beer to a minor. The Division communicated clearly to the hearing officer before he issued his recommended final order exactly what penalty the Division thought was appropriate. The hearing officer expressly rejected that recommendation, stating as grounds that such a long suspension was not supported by evidence or argument for a first offense. The Division countered in the final order with a finding that the enhanced penalty was justified based on "surrounding facts and circumstances as well as the need to protect the underage persons of this state from the evils of alcohol abuse." Is this a "valid" reason based upon the agency's "great expertise and discretion" or is it "legally insufficient"? We conclude that it is a legally insufficient justification based on the supreme court's approval of the Third District's approach in Bernal and our own belief that this result is consistent with legislative intent.
The present case presents a classic example of the illogic and wastefulness of any other approach. The main reason a hearing was held in the first place was appellant's belief that he did not deserve and could not accept the severity of the "guideline" penalty proposed by the agency. Appellant opted for the hearing and successfully persuaded the hearing officer that a lesser penalty was appropriate. The Division's response was simply to impose the greater penalty anyway. Although empirical data is unavailable, experience makes us confident that this agency's approach is typical; agencies are strong believers in their own authority. Under our regulatory scheme as established in Chapter 120, Florida Statutes, however, the independent hearing officer is an important protection for citizens involved in transactions with the state. We recognize that hearing officers, like juries, sometimes make serious errors in cases having far wider impact than the one at bar and that any mechanical rule that may hamper an agency from correcting such errors is risky. Nevertheless, under the statutory scheme, the virtue of neutrality is greater than the virtue of expertise. Given that the hearing officer and the agency should always be working from the same record, the circumstances under which the agency would be justified in substituting its judgment concerning the appropriate penalty for that of the hearing officer should not arise except where one or more of the hearing officer's recommended findings of fact or conclusions of law are properly rejected, substituted or amended by the agency. We cannot say that no valid reason for deviation from the recommended penalty would ever be possible otherwise, but such instances are likely to be rare. The hearing officer's penalty recommendation in this case should be sustained.
The additional hitch in this case is the agency's creative use of its purportedly limitless ability to reject conclusions of law of the hearing officer. See, e.g., Alles v. Dep't of Prof. Reg., 423 So.2d 624, 626 (Fla. 5th DCA 1982). A recommended penalty may be appropriately adjusted where a finding of fact or conclusion of law is properly altered by the agency; however, in the present case, rejection of Conclusion of Law 5 by the Division cannot justify an enhanced penalty because the hearing officer's stated legal conclusion appears correct. It is significant that the hearing officer chose to place his finding that there were no rules or guidelines concerning penalties in the "Conclusions of Law" section of his recommended order. As the record reflects, when the hearing officer asked *416 Mr. Ramey whether the "guidelines" he had identified were "approved by the Department in the Florida Administrative Code", Mr. Ramey said they were. Yet, the Division has cited no reference to any such "guidelines" in the Florida Administrative Code, and we have found none. Nor, evidently, did the hearing officer before concluding that no such rules or guidelines existed. Moreover, section 562.47, Florida Statutes, which appears to be cited to the hearing officer as the source of these guidelines, has no such reference.[4] The hearing officer's finding of fact that there were "usual penalties" was evidently based on these informal "guidelines" that do not appear in the statutes or administrative code. Conclusion of Law 5 accurately, if inartfully, states what the law truly appears to be. Just as the Agency is free to reject the hearing officer's conclusions of law, we are free to reinstate those conclusions of law if the agency has erred.
Accordingly, the final order is vacated with instructions to implement the recommended penalty of the hearing officer.
DANIEL, C.J., and DAUKSCH, J., concur.
NOTES
[1] Amendments to this section have caused the relevant provision to be renumbered as section 120.57(1)(b)(10).
[2] Since 1986, a number of appellate decisions have found the requisite rationale for enhancing a penalty to be lacking and have remanded for the agency to either comply with the requirements of the statute or impose the recommended penalty. See, e.g., Van Ore v. Board of Medical Examiners, 489 So.2d 883 (Fla. 5th DCA 1986) and cases cited therein.
[3] See Judge Gunther's dissent in Hanley v. Dep't of Prof. Reg., 549 So.2d 1164 (Fla. 4th DCA 1989) and Jimenez v. Dep't of Prof. Reg., 556 So.2d 1219 (Fla. 4th DCA 1990).
[4] Reference to that section apparently related to Mr. Ramey's competence to testify that beer is an intoxicating liquor.