568 So.2d 970 (1990)
Robert R. HAMBLEY, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, DIVISION OF REAL ESTATE, Appellee.
No. 89-02558.
District Court of Appeal of Florida, Second District.
October 5, 1990.
Rehearing Denied November 1, 1990.
Keith M. Schenck of Larson, Conklin, Stanley & Probst, P.A., Clearwater, for appellant.
James H. Gillis, Senior Atty., Florida Dept. of Professional Regulation, Div. of Real Estate, Orlando, for appellee.
CAMPBELL, Judge.
Appellant, Robert Hambley, respondent in the administrative proceeding below, asks us to reverse the final order of appellee which considered the hearing officer's recommended penalty of a fine and probation, but instead ordered the more severe penalty of the revocation of appellant's real estate broker's license. We agree that appellee has failed to adequately comply with section 120.57(1)(b)(10), Florida Statutes (1987), in order to properly increase the severity of the hearing officer's recommended penalty and we, therefore, reverse and remand the penalty provision in the final order. We reject appellant's other points on appeal.
*971 It is not necessary to recite the facts underlying these proceedings. Appellee, in its final order, adopted the hearing officer's Recommended Order as to all findings of fact and conclusions of law. Appellee, however, rejected the hearing officer's recommended penalty stating as its reasons:
The penalty recommended, of an administrative fine of $1000, is too lenient, considering that the Hearing Officer found (and so stated in his Recommended Order) that the Respondent repeatedly, i.e., at least five times, committed the same violations, to wit: paid commissions to one not duly licensed either as a real estate broker, broker-salesman or salesman. Also, the Hearing Officer found that the Respondent failed to collect and deposit into escrow funds which the Respondent represented as having received in the transactions described in the Recommended Order.
The Commission finds that these facts, as supported by the evidence and the Hearing Officer's findings, constitute aggravating circumstances which support and justify imposition of a more severe penalty.
Section 120.57(1)(b)(10) provides, in pertinent part, that an agency may not reduce or increase the recommended penalty in a recommended order of a hearing officer "without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action." Various decisions have addressed the sufficiency of the reasons and support therefor that agencies have used in an attempt to increase the severity of a hearing officer's recommended penalty. The decisions of O'Connor v. Department of Professional Regulation, Construction Industry Licensing Board, 566 So.2d 549 (Fla. 2d DCA 1990); Pluto v. Department of Professional Regulation, Division of Real Estate, 538 So.2d 539 (Fla. 2d DCA 1989); Pages v. Department of Professional Regulation, Board of Medicine, 542 So.2d 456 (Fla. 3d DCA 1989); Bernal v. Department of Professional Regulation, 517 So.2d 113 (Fla. 3d DCA 1987), affirmed, 531 So.2d 967 (Fla. 1988); Van Ore v. Board of Medical Examiners, 489 So.2d 883 (Fla. 5th DCA 1986); and Hutson v. Casey, 484 So.2d 1284 (Fla. 1st DCA 1986), all considered action by agencies attempting to increase the severity of a recommended penalty in which the agencies set forth reasons strikingly similar to the reasons set forth by appellee below. We find appellee's attempted compliance with section 120.57(1)(b)(10) not sufficiently dissimilar and, therefore, no more adequate than the efforts by the agencies in O'Connor, Pluto, Pages, Bernal, Van Ore and Hutson. Accordingly, we affirm the findings and conclusion of guilt, but we reverse and remand for implementation of the recommendation of the hearing officer as to the administrative fine of $1,000.00. The recommended penalty of probation is not an authorized penalty and should be disregarded on remand.
DANAHY, A.C.J., concurs.
ALTENBERND, J., dissents with opinion.
ALTENBERND, Judge, dissenting.
I believe the Florida Real Estate Commission's final order provides "legally sufficient" reasons for imposing a penalty in excess of that recommended by the hearing officer and, thus, I do not believe we have the authority to override the Commission's decision. Department of Prof. Reg. v. Bernal, 531 So.2d 967 (Fla. 1988). The majority's opinion and the Fifth District's recent decision in Bajrangi v. Department of Business Regulation, 561 So.2d 410 (Fla. 5th DCA 1990), essentially prohibit an administrative board from altering the recommended penalty unless the board also rejects one of the hearing officer's findings of fact or conclusions of law. Such a rule is not required by section 120.57(1)(b)(10), Florida Statutes (1987), and is incompatible with the recently added language in section 455.2273, Florida Statutes (1987).
Although hearing officers are entitled to substantial deference, they are judicial generalists who are trained in the law but not necessarily in any specific profession. The various administrative boards have far *972 greater expertise in their designated specialties and should be permitted to develop policy concerning penalties within their professions. Section 455.2273 appears to give boards this policy-making authority while protecting licensees and the public from politics in the guise of policy by requiring the boards to publish established guidelines. The penalty the Commission imposed in this case is lawfully within its established guidelines and should not be disturbed by this court.
Mr. Hambley was charged in a multiplecount administrative complaint with violations of section 475.25(1)(h), Florida Statutes (1987), because on five occasions, in April and May 1987, he shared commissions with a person not licensed as a broker. These shared commissions were paid to the purchaser of the real estate as a variety of kickback. The kickbacks distorted the purchase price of the real estate. As a result, the purchaser, with Mr. Hambley's knowledge, was able to receive FHA financing in excess of 100% of the true purchase price on one or more of these real estate investments. Additionally, the complaint alleged violations of section 475.25(1)(b), i.e., culpable negligence and breach of trust, because Mr. Hambley failed to place money into required escrow accounts on the same five occasions. Based upon the evidence at the hearing, the hearing officer's recommended order contained findings of fact supporting violations of both statutory provisions on all five occasions. The hearing officer recommended a $1,000 fine  apparently as a single penalty for all violations of subsection (1)(h), and one year of probation  apparently as a penalty for all violations of subsection (1)(b).
The Commission agreed with the findings of fact and conclusions of law in the hearing officer's recommended order. It decided, however, that the hearing officer had misunderstood the penalty which the Commission intended for multiple violations under its established guidelines. Moreover, it observed that the penalty of probation was not authorized by statute at the time of these violations.
Section 120.57(1)(b)(10) merely requires that an agency which chooses to increase or decrease a recommended penalty must: 1) conduct a review of the complete record, and 2) state with particularity its reasons therefor in the order, by citing to the record in justifying the action. While other portions of this statute prohibit an agency from modifying a finding of fact which is supported by competent substantial evidence, nothing in the statute compels the agency to reject a finding of fact or a conclusion of law before it states with particularity its reasons for imposing a different penalty.
Section 455.2273 was created in 1986 and affects violations after January 1, 1987. Ch. 86-90, Laws of Fla. It requires boards to adopt, by rule, disciplinary guidelines which will give the public meaningful notice of penalties which are likely to be imposed for various violations. The board is allowed to impose a penalty outside the guidelines if it states specific findings of mitigating or aggravating circumstances which justify the departure. In this case, the Commission had promulgated the statutorily mandated guidelines. At the time of these offenses, the guidelines provided a maximum penalty of up to a five-year suspension or a revocation of a license for a violation of subsection (1)(b), and a maximum penalty of up to five years' suspension of a license for a violation of subsection (1)(h). The guidelines provided a minimum penalty "per count" of "reprimand and/or a fine up to $1,000." Significantly, the guidelines did not permit probation as a form of punishment because that penalty was not added to the Commission's statutory authority until October 1, 1988. § 475.25(1), Fla. Stat. (1989) (corresponding to Ch. 88-20, § 13, Laws of Fla.).
In this case, the Commission reviewed the complete record and stated its reasons for the increased penalty. It supported its decision by reference to the multiple violations found in the record and by the hearing officer's legal error in recommending probation, a penalty which was unauthorized. The majority's opinion now orders the Commission to implement a recommended order which includes an unauthorized *973 penalty and a fine which is well below the minimum penalty that the Commission had established in its guidelines which were in effect at the time of these violations in April and May 1987.
It is interesting to note that the Commission followed the procedure of section 455.2273(3), Florida Statutes (1987), and gave specific findings to justify its increase in the recommended penalty. Essentially, it determined that multiple violations of these statutes warranted a penalty greater than that warranted for an isolated offense. Although the Commission's approach is helpful, in my opinion, it was not legally obligated under section 455.2273(3) to provide an explanation of "aggravating circumstances" in order to modify the penalty within the range described by its guidelines. It only needed to comply with that statute to depart from its established guidelines. In order to deviate from the recommended penalty, so long as the new penalty was within the guidelines, it merely needed to comply with section 120.57(1)(b)(10). I believe the Commission complied with that section.
This case is distinguishable from O'Connor v. Department of Professional Regulation, Construction Industry Licensing Board, 566 So.2d 549 (Fla. 2d DCA 1990). In O'Connor, the board's final order did not attempt to state with particularity any reasons for imposing a greater penalty than that recommended by the hearing officer. Also, the hearing officer in O'Connor had not recommended an illegal penalty or a penalty at odds with the board's published guidelines. The apparent reason for the O'Connor board's departure was a conclusion of gross negligence which was not supported by the evidence within the record.
I would affirm the Commission's final order in this case.