578 So.2d 387 (1991)
Lester JOHNSON, Appellant,
v.
SCHOOL BOARD OF DADE COUNTY, FLORIDA, Appellee.
No. 90-2173.
District Court of Appeal of Florida, Third District.
April 16, 1991.
Du Fresne and Bradley and William Du Fresne, Miami, for appellant.
Frank A. Howard, Jr. and Madelyn P. Schere, Miami, for appellee.
Before FERGUSON, LEVY and GODERICH, JJ.
PER CURIAM.
Johnson, a longtime classroom teacher with the Dade County public school system, appeals from a ruling of the School Board rejecting a hearing examiner's recommendation of a one-year suspension and increasing the penalty to dismissal. His contention in this appeal is that the School Board's rejection of the examiner's recommended penalty is based, impermissibly, on mere disagreement as to the appropriateness of the punishment.
Two charges were leveled against Johnson: (1) misconduct in office; and (2) gross insubordination. The hearing examiner found the evidence sufficient to support the first charge, but found, implicitly, that the second charge was not proved by a preponderance of the evidence. While accepting all the hearing examiner's findings of fact, the School Board's attorney took exception to the conclusion that the facts did not support a finding of gross insubordination.[1]
We have examined those parts of the record referred to by the School Board, and find competent and substantial evidence that the teacher had been instructed, following previous incidents of improper physical contact, to refrain from touching or publicly demeaning students, even as a disciplinary measure. The specific incident for which Johnson was charged not only supported the misconduct charge, but was also a violation of direct orders previously given to refrain from such conduct. In light of our agreement with the School Board that the facts as found by the hearing examiner will support the gross insubordination charge as a matter of law, the Final Order appealed from must stand. It is inappropriate for the courts to substitute their judgment for an administrative board's determination if valid reasons exist in the record and reference is made thereto. Department of Prof. Reg. v. Bernal, *388 531 So.2d 967 (Fla. 1988); Jimenez v. Department of Prof. Reg., 556 So.2d 1219 (Fla. 4th DCA 1990).
Affirmed.
NOTES
[1] Gross insubordination is defined as a constant or continuing intentional refusal to obey a direct order, reasonable in nature, and given by and with proper authority. Fla.Adm.Code rule 6B-4.009.