596 So.2d 661 (1992)
CRIMINAL JUSTICE STANDARDS AND TRAINING COMMISSION, Petitioner,
v.
Alvin BRADLEY, Respondent.
No. 77767.
Supreme Court of Florida.
March 26, 1992.
*662 Joseph S. White, Asst. Gen. Counsel, Dept. of Law Enforcement, Tallahassee, for petitioner.
Stephen A. Smith of Stephen A. Smith, P.A., Lake City, for respondent.
OVERTON, Justice.
This is a petition to review Bradley v. Criminal Justice Standards & Training Commission, 577 So.2d 638 (Fla. 1st DCA 1991), in which the First District Court of Appeal held that the Criminal Justice Standards and Training Commission could not increase the penalty for a correctional officer's misconduct from that recommended by a hearing officer. The court found that a mere disagreement with the hearing officer's assessment of the seriousness of the offenses could not justify an increased penalty.
The relevant facts reflect that Bradley, a certified correctional officer, was charged in an administrative complaint with violating the qualifications requirements for correctional officers found in section 943.13, Florida Statutes (1989). The complaint alleged that Bradley had committed a battery on a female correctional officer, that he had been convicted of DUI, and that he had been convicted of exhibiting a firearm in a careless manner, which resulted in the accidental killing of a friend of Bradley's. At the hearing, the hearing officer found merit in the complaint and recommended a six-month suspension of Bradley's certificate. The Criminal Justice Standards and Training Commission, while adopting the hearing officer's findings of fact and conclusions of law, rejected the hearing officer's recommended penalty and revoked Bradley's correctional officer's certificate, stating:
The correct penalty in this cause would be revocation of certification. This penalty is appropriate for the following reasons:
a) Multiple moral character standard violations. The record demonstrates that the Respondent committed two violations of officer standards as set forth in Section 943.13(7). These violations were committed on December 27, 1986 and September 13, 1987[,] according to the record occurring less than one year apart.
b) Severity of the misconduct. The record reflects that the first act of misconduct led to the death of another person. The second act of misconduct, according to the record, was committed by victimizing a fellow officer. These acts, when viewed individually or together are most egregious.
c) Lack of respect for the law. The record establishes that the Respondent committed the crimes of improper exhibition *663 of a firearm, driving under the influence of alcoholic beverages, and battery on a correctional officer. The commission of three crimes, two of which concurrently violated the moral character standard and a third which was found by the hearing officer to be reprehensible, suggest a pattern of lawlessness and contempt for right conduct on the Respondent's part.
On appeal, the district court of appeal noted:
The Commission's order adopts the hearing officer's findings of fact and conclusions of law. The order also adopts the exceptions filed by the Criminal Justice Standards and Training Commission by its Assistant General Counsel; and these exceptions are the Commission's express grounds for rejecting the hearing officer's recommended penalty.
Bradley, 577 So.2d at 639. The district court then held that "[m]ere disagreement [with the recommended penalty] is not a ground to increase the penalty." Id. The court explained that the agency's mere disagreement with the hearing officer's assessment of the seriousness of the offenses could not justify an increase in the recommended penalty. The district court also certified conflict with Allen v. School Board, 571 So.2d 568 (Fla. 3d DCA 1990); Escobar v. Department of Professional Regulation, Board of Medicine, 560 So.2d 1355 (Fla. 3d DCA 1990); Grimberg v. Department of Professional Regulation, Board of Medicine, 542 So.2d 457 (Fla. 3d DCA), review denied, 548 So.2d 663 (Fla. 1989); and Pages v. Department of Professional Regulation, Board of Medicine, 542 So.2d 456 (Fla. 3d DCA 1989). We have jurisdiction[1] and, for the reasons expressed, quash the decision of the district court.
The issue in this case is whether a professional regulatory agency or board may adopt the hearing officer's findings of fact and conclusions of law, but then reduce or increase the recommended penalty. The district court relied on the Third District Court's decision in Bernal v. Department of Professional Regulation, Board of Medicine, 517 So.2d 113 (Fla. 3d DCA 1987), approved, 531 So.2d 967 (Fla. 1988). In that case, the medical board rejected the hearing officer's recommended penalty on the basis that, under the circumstances, the recommended penalty was too lenient. The board stated its reasons for departing from the recommended penalty as follows: (1) Bernal had been less than candid in his testimony before the hearing officer and (2) that patients were endangered by the practice of medicine by unlicensed persons. The district court reversed the board's decision, finding that "lack of candor" was not an offense with which Bernal had been charged and that danger to patients from the unlicensed practice of medicine was not cited in the record, as required by section 120.57(1)(b)10, Florida Statutes (Supp. 1986). 517 So.2d at 115.
In reviewing the Third District's decision in Bernal, we agreed with the district court that the reasons given by the medical board were legally insufficient under the circumstances of that case. Department of Professional Regulation v. Bernal, 531 So.2d 967 (Fla. 1988).
We find that, in the instant case, the district court misapplied our Bernal decision. In Bernal, we expressly recognized that professional boards have great expertise and discretion. We find that it is a primary function of professional disciplinary boards to determine the appropriate punishment for the misconduct of the professionals it regulates. As long as the statute under which a professional agency operates provides guidelines for imposing penalties, the agency complies with section 120.57(1)(b)10, and the increased penalty falls within the guidelines established by its statute, a professional board or agency has the discretion to increase the recommended penalty. On this question we approve the concisely stated view of Judge Altenbernd in his dissent in Hambley v. Department of Professional Regulation, Division of Real Estate, 568 So.2d 970 (Fla. 2d DCA 1990):

*664 The majority's opinion and the Fifth District's recent decision in Bajrangi v. Department of Business Regulation, 561 So.2d 410 (Fla. 5th DCA 1990), essentially prohibit an administrative board from altering the recommended penalty unless the board also rejects one of the hearing officer's findings of fact or conclusions of law. Such a rule is not required by section 120.57(1)(b)(10), Florida Statutes (1987)... .
Although hearing officers are entitled to substantial deference, they are judicial generalists who are trained in the law but not necessarily in any specific profession. The various administrative boards have far greater expertise in their designated specialties and should be permitted to develop policy concerning penalties within their professions.
... .
Section 120.57(1)(b)(10) merely requires that an agency which chooses to increase or decrease a recommended penalty must: 1) conduct a review of the complete record, and 2) state with particularity its reasons therefor in the order, by citing to the record in justifying the action. While other portions of this statute prohibit an agency from modifying a finding of fact which is supported by competent substantial evidence, nothing in the statute compels the agency to reject a finding of fact or a conclusion of law before it states with particularity its reasons for imposing a different penalty.
Id. at 971-72 (Altenbernd, J., dissenting).
In this case, section 943.13(7), Florida Statutes (1989), which establishes the minimum qualifications for correctional officers, requires that they "[h]ave a good moral character as determined by a background investigation under procedures established by the commission." As properly found by the hearing officer, section 943.1395(5)-(6) establishes a range of penalties, ranging from the revocation of certification to the issuance of a reprimand, which the Commission may impose on correctional officers found not to have maintained a good moral character. In its reasons for increasing the recommended penalty, the Commission clearly articulated the circumstances justifying revocation, including that there were multiple moral character violations occurring less than a year apart; that one act of misconduct led to the death of another person; and that, in its view, "these acts, when viewed individually or together, are most egregious."
We find that the Criminal Justice Standards and Training Commission complied with the requirements of section 120.57(1)(b)10 and, in rejecting the recommended penalty, properly increased the penalty within its statutory authority under section 943.1395(5)-(6).[2]
To the extent necessary, we modify Bernal to make clear that this type of professional regulatory board has this disciplinary authority. We fully approve Judge Altenbernd's comments concerning the responsibility of professional boards and firmly believe that the legislature, in creating this process, expected the administrative boards, who have expertise in their *665 designated specialties, to be the entities responsible for developing policy concerning penalties within their professions.
For the reasons expressed, we quash the decision of the district court and remand this cause with directions that the order of the Criminal Justice Standards and Training Commission be affirmed. We modify our Bernal decision and disapprove Hanley v. Department of Professional Regulation, Board of Nursing, 549 So.2d 1164 (Fla. 4th DCA 1989); Bajrangi v. Department of Business Regulation, Division of Alcoholic Beverages & Tobacco, 561 So.2d 410 (Fla. 5th DCA 1990); and Hambley v. Department of Professional Regulation, Division of Real Estate, 568 So.2d 970 (Fla. 2d DCA 1990), to the extent they conflict with this opinion.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Art. V, § 3(b)(4), Fla. Const.
[2] Section 943.1395(5)-(6), Florida Statutes (1989), reads, in pertinent part, as follows:

(5) The commission shall revoke the certification of any officer who is not in compliance with the provisions of s. 943.13(1)-(10) or who intentionally executes a false affidavit established in s. 943.13(8), s. 943.133(2), or s. 943.139(2).
... .
(6) Upon a finding by the commission that a certified officer has not maintained good moral character, the definition of which has been adopted by rule and is established as a statewide standard, as required by s. 943.13(7), the commission may enter an order imposing one or more of the following penalties in lieu of revocation of certification:
(a) Suspension of certification for a period not to exceed 2 years.
(b) Placement on a probationary status for a period not to exceed 2 years, subject to terms and conditions imposed by the commission. Upon the violation of such terms and conditions, the commission may revoke certification or impose additional penalties as enumerated in this subsection.
(c) Successful completion by the officer of any basic recruit, advanced, or career development training or such retraining deemed appropriate by the commission.
(d) Issuance of a reprimand.