PER CURIAM.
We review Henry v. State, 576 So.2d 409 (Fla. 3d DCA 1991), based on conflict jurisdiction.[1]
Henry was convicted of armed robbery while carrying a firearm, a first-degree felony punishable by life imprisonment, and sentenced as a habitual felony offender under section 775.084(4)(a)(l), Florida Statutes (1989), to life imprisonment. Henry seeks review claiming that first-degree felonies punishable by life imprisonment are not subject to the provisions of the habitual offender statute.
We decided that issue contrary to Henry’s position in Burdick v. State, 594 So.2d 267 (Fla.1992). However, we also held in Burdick that sentencing under the habitual offender statute is permissive, not mandatory.
In this case, the State argued at sentencing that a life sentence is mandatory under section 775.084(4)(a)(l). In sentencing Henry, the trial court indicated that it did not have discretion to decline to impose a life sentence.
Accordingly, we approve the opinion below but remand for the trial court to reconsider Henry’s sentence in light of our determination in Burdick that sentencing under the habitual offender statute is discretionary.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., dissenting with an opinion.

. Art. V, § 3(b)(3), Fla. Const.