ERVIN, Judge.
In this case appellants, Inlet Mortgage Company, Ltd. and John R. Davis, challenge a final administrative order on the ground that appellee, the Department of Banking and Finance, Division of Finance (Department), increased the recommended penalty without complying with the directives set forth in Section 120.57(l)(b)10, Florida Statutes (1987). Although the Department contends it did not increase the recommended penalty, but merely set forth conditions that effectuated the hearing officer’s recommendation, we cannot agree and therefore reverse.
Section 120.57(l)(b)10 provides, in pertinent part:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
Here the Department of Administrative Hearings (DOAH) officer entered a recommended order wherein she concluded that appellants had violated various provisions of Chapter 494, Florida Statutes (1987). She recommended
imposing a penalty of $1,000.00 fine, and one year probation, with the conditions *765 that Respondent Davis successfully complete a specified amount and type of professional short course work and undergo periodic review and supervision by the agency.
No exceptions were filed by either party. In its final order, the Department adopted all of the hearing officer’s findings of fact and conclusions of law without alteration, but then ordered:
1. That the Respondents John R. Davis and Inlet Mortgage Company, Ltd. shall be placed on probation for a period of one (1) year from the date of entry of the Final Order on this matter subject to the following conditions designed to effectuate the hearing officer’s recommendation concerning review and supervision:
(a) Davis shall not be employed as a principal mortgage broker, designated associated broker, or self-employed mortgage broker. Davis may maintain employment as a mortgage broker under the direct control and supervision of a principal mortgage broker. The principal mortgage broker supervising Davis shall be physically present in the mortgage brokerage office where Davis is employed.
(b) Davis shall not supervise or control any other mortgage brokers.
(c) Davis shall not have any type of ownership or controlling interest in any mortgage brokerage business other than Inlet Mortgage Company during this probationary period.
(d) Inlet Mortgage Company, Ltd., shall not open any branch offices.
2. That Respondents John R. Davis and Inlet Mortgage Company Ltd. shall be jointly and severally liable for paying the Department an administrative fine in the amount of One thousand dollars ($1,000)....
(Emphasis added.)
We cannot agree with the Department’s argument that these changes did not increase the recommended penalty in form or substance, but merely were “designed to effectuate the hearing officer’s recommendation concerning review and supervision.” Appellant Davis has alleged, and we agree, that the conditions contained in the final order, particularly Paragraph (l)(a), effectively act as a suspension of his license for one year. This is so because Davis is the principal mortgage broker of Inlet Mortgage Company, a business he opened in February 1988. By precluding him from acting as a principal mortgage broker or a self-employed mortgage broker, the Department has effectively ruled that he can no longer operate the business he opened. Such a result is substantially different from probation.
Moreover, the final order shifts the duty of supervision to some nonagency principal mortgage broker whom Davis must work under, while the recommended order suggested that Davis be subject to “periodic review and supervision by the agency.” (Emphasis added.) By doing this, the agency has effectively increased the level of supervision recommended in the DOAH hearing officer’s order. Although the increase here is not as obvious as the penalty increases in cases such as Department of Professional Regulation v. Bernal, 531 So.2d 967 (Fla.1988); Hambley v. Department of Professional Regulation, Division of Real Estate, 568 So.2d 970 (Fla. 2d DCA 1990); O’Connor v. Department of Professional Regulation, Construction Industry Licensing Board, 566 So.2d 549 (Fla. 2d DCA 1990); and Pages v. Department of Professional Regulation, Board of Medicine, 542 So.2d 456 (Fla. 3d DCA 1989), it is nonetheless an increase in penalty for which the Department did not state with particularity its reasons therefor or cite to the record in justification thereof. Therefore, the final order must be reversed and the matter remanded with directions for the Department to enter an order adopting the penalty set forth in the recommended order. Bernal, Hambley, O’Con-nor, Pages.
In addition to the above, we note that the Department in its answer brief stated that no transcript was submitted to it prior to the entry of the final order. Thus, the Department could not have complied with *766 the statute in that it did not review the complete record.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ZEHMER and MINER, JJ., concur.