590 So.2d 484 (1991)
The DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Persilla Ann GORDON, Appellee.
No. 91-789.
District Court of Appeal of Florida, First District.
November 26, 1991.
Laurel E. Hopper, Gainesville, for appellant.
N. Albert Bacharach, Jr., Gainesville, for appellee.
*485 WIGGINTON, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals from the order of the Public Employees Relations Commission (commission) agreeing with the hearing officer that appellee's dismissal should be reduced to a 30-day suspension, but disagreeing with the hearing officer's conclusion that back pay should not be awarded. We affirm in part and reverse in part.
This appeal originates from an administrative disciplinary proceeding instituted by HRS against appellee. HRS dismissed appellee for alleged client abuse of a severely and profoundly retarded adult client, willful violation of rules, regulations and policies, and conduct unbecoming a public employee. The record shows that appellee had been employed by HRS Gainesville at the Sunland Center from April 6, 1981, until her discharge. Appellee, as a Human Services Worker II, was a supervisor at one of the individual homes used to house residents.
On July 24, 1987, P.P., a severely and profoundly retarded adult client, had been placed in a "Geri chair." A Geri chair is equivalent to a high chair for an adult and is used to restrain hyperactive clients. P.P. began to kick, and threw her shoes. Upon observing P.P.'s behavior, appellee picked up one of the shoes and hit her on the forearm. P.P. held her forearm, which developed a red mark from being hit. All 14 clients at the home were present during the striking of P.P., as well as several staff members under appellee's supervision.
HRS demonstrated that appellee had prior and proper notice that an offense such as hers could result in dismissal. HRS also showed that all previous employees who had been charged with client abuse by HRS at Sunland Center had been discharged.
On April 8, 1988, appellee filed an appeal to the Public Employees Relations Commission contesting her dismissal by HRS. On April 20, the commission stayed the case pending an appeal by appellee of her placement on the HRS abuse registry. See generally, section 447.208(1), Florida Statutes (1989). On June 11, 1990, HRS granted appellee's request for expungement from the abuse registry.
Thereafter, an evidentiary hearing was conducted before a commission-appointed hearing officer on appellee's dismissal. In his recommended order, the hearing officer found just cause for the termination of appellee and found insufficient mitigation criteria to support reducing the dismissal to a suspension. However, the commission entered an order remanding the case to the hearing officer stating that although it accepted the hearing officer's findings of fact, it disagreed with his application of the mitigation criteria found in section 447.208(3)(d).[1]
The hearing officer filed his supplemental recommended order mitigating the discharge to a 30-day suspension but recommending appellee's reinstatement without back pay.[2] In deciding to deny appellee back pay, the hearing officer admitted that it was an unusual remedy but reasoned that as a supervisor, appellee's use of corporal punishment to quiet a client under full observation of subordinates was so detrimental to her supervisory role as to amount to "a serious disservice to her coworkers, her clients and to the state." Baxley v. Department of Health and Rehabilitative Services, 2 FCSR para. 012 (1987).
*486 Thereafter, the commission entered its final order concluding that the seriousness of Gordon's conduct was reduced by the lack of force which was used against the client. Accordingly, the commission agreed with the hearing officer that appellee's dismissal should be reduced to a 30-day suspension. However, it did not agree with the hearing officer's conclusion that back pay should not be awarded. The commission found it would be patently unfair to suspend an award of back pay during the pendency of the expungement proceeding that arose from the same set of facts leading to appellee's appeal of her dismissal.
On appeal, HRS argues that the commission erred in rejecting the hearing officer's initial findings of severity as to the actions of appellee where said findings were based on competent and substantial evidence in the record. It contends that the commission did not have the authority to reduce the severity of the hearing officer's recommended penalty since there was no transcript. Although that observation is correct, the commission did not reduce the severity of the recommended penalty but rather, in its first opinion remanding the case to the hearing officer, simply disagreed with the hearing officer's application of the mitigating factors in section 447.208(3)(d) and directed the hearing officer to reconsider the case in light of the first and third of those factors. Upon further consideration, it was the hearing officer who in fact reduced the initial recommended penalty of dismissal to suspension.
We also find no cause for reversal in the commission's interpretation of the legislative intent by way of section 447.208(3)(d)1., allowing the commission in its discretion to reduce dismissals and suspensions by considering the seriousness of the conduct as it relates to the employee's duties and responsibilities.[3] The commission's interpretation of that section to mean that it can consider the force used in the instant case by the employee is reasonable and not inconsistent with the legislature's goal of protecting handicapped adults. See Clayton v. Department of Health and Rehabilitative Services, 4 FCSR para. 143 (1989).
However, we do hold that the commission erred in ordering an award of back pay contrary to the hearing officer's conclusion. Section 120.57(1)(b)10 provides, in pertinent part:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefore in the order, by citing to the record in justifying the action.
Since the commission in the instant case did not have the transcript before it, it was error for it to, in essence, reduce the penalty recommended by the hearing officer by awarding back pay. Brown v. Department of Business Regulation, 5 FCSR para. 031 (1990). See also, Inlet Mortgage Company, Ltd. v. State, Department of Banking and Finance, 582 So.2d 764 (Fla. 1st DCA 1991).
Consequently, the cause is affirmed in part and reversed in part with directions that the commission reinstate the hearing officer's supplemental recommended order.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] Section 447.208(3)(d) provides the following:

(d) The commission is limited in its discretionary reduction of dismissals and suspensions to consider only the following circumstances:
1. The seriousness of the conduct as it relates to the employee's duties and responsibilities.
2. Action taken with respect to similar conduct by other employees.
3. The previous employment record and disciplinary record of the employee.
4. Extraordinary circumstances beyond the employee's control which temporarily diminished the employee's capacity to effectively perform his duties or which substantially contributed to the violation for which punishment is being considered.
[2] Section 447.208(3)(e) allows that the commission may award back pay "if applicable."
[3] See footnote 1, supra.