POLEN, Judge.
James Edwards, an employee of the Department of Health and Rehabilitative Services, appeals a final order of the Public Employees Relations Commission [hereinafter Commission], The Commission adopted the recommended order of a Commission-appointed hearing officer and affirmed Edwards’ disciplinary demotion from public assistance specialist supervisor to public assistance specialist II based upon Edwards’ unauthorized use of state personnel. We affirm.
The Commission was without authority to reduce or increase the penalty recommended by the hearing officer, because Edwards failed to produce a transcript of the proceedings conducted before the hearing officer when he filed his exceptions with the Commission. Pursuant to section 120.57(l)(b)10, Florida Statutes (1989), the Commission “may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order....” The *1250 “complete record” required by this statute includes the official transcript of the evi-dentiary hearing held before the hearing officer. See Battles v. Department of Health and Rehabilitative Servs., 2 F.P.E.R. ¶ 180 (1987).
Similarly, Edwards’ failure to provide this court with a transcript of the evidentiary hearing held before the hearing officer precludes his argument that the commission erred in accepting the facts set forth in the hearing officer’s recommended order. Florida Dep’t of Corrections v. Bradley, 510 So.2d 1122 (Fla. 1st DCA 1987). Based upon the hearing officer’s findings of fact, which must be accepted by this court, Edwards’ disciplinary demotion was within the range of disciplines established by the Commission, and therefore proper.
We note by way of dicta that while the disciplinary demotion meted out by the Department of Health and Rehabilitative Services to Mr. Edwards was permissible, we believe it to be a harsh penalty.
AFFIRMED.
LETTS and FARMER, JJ., concur.