690 So.2d 1383 (1997)
Eileen ROBERTS, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
No. 96-2530.
District Court of Appeal of Florida, First District.
April 9, 1997.
Joan Stewart of Florida Police Benevolent Association, Inc., Tallahassee, for Appellant.
Daniel Te Young, Assistant General Counsel of The Department of Corrections, Tallahassee, for Appellee.
BENTON, Judge.
This appeal from a career service employee's five-day suspension asks the question whether the Public Employees Relations Commission (PERC) can uphold a suspension a state agency employer seeks to impose, when a PERC hearing officer recommends mitigating the suspension to a reprimand, and PERC acts without the benefit of a transcript of the proceedings before the hearing officer. As we interpret section 120.57(1)(j), Florida Statutes (Supp.1996), a transcript is required. Recognizing that this employee's victory may prove Pyrrhic, inasmuch as PERC has by now obtained a transcript, we reverse and remand.
PERC hearing officers are authorized to conduct career service hearings and enter recommended orders, which may include recommendations with regard to mitigation, under section 120.57(1), Florida Statutes (Supp. 1996). Administrative law judges need not preside in career service cases, disputes of material fact notwithstanding. § 120.80(12)(a), Fla. Stat. (Supp.1996). Even so, the Administrative Procedure Act applies to career service proceedings before PERC, and PERC is bound to give recommended orders it reviews the deference required by section 120.57(1)(j), Florida Statutes (Supp. 1996), which contains language formerly found in section 120.57(1)(b)10:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
*1384 § 120.57(1)(j), Fla. Stat. (Supp.1996). In construing this language, we do not write on a blank slate. Under former section 120.57(1)(b)10, discipline imposed on career service employees has consistently been treated as a penalty. Department of Health and Rehabilitative Servs. v. Gordon, 590 So.2d 484 (Fla. 1st DCA 1991); Neville v. Department of Labor and Employment Sec., 9 FCSR ¶ 070 (PERC 1994). Until April 8, 1994, moreover, PERC itself had "long interpreted subparagraph 6 of Section 120.57(1)(b), when read in pari materia with subparagraph 10, as prohibiting [the Commission] from altering [its] hearing officers' recommendations regarding mitigation of discipline in a career service appeal without reviewing a transcript." Neville, 9 FCSR at 309.
Eileen Roberts does not seek to overturn the finding that she was guilty of conduct unbecoming a public employee. She maintains only that, without a transcript, the Commission was obliged to follow the hearing officer's recommendation to reprimand rather than suspend. Relying on PERC's decision in Neville, the Department of Corrections (DOC) argues that the Commission was free to disregard the PERC hearing officer's recommendation to mitigate the five-day suspension DOC proposed as punishment. Since Ms. Roberts took no exception to any of the findings of fact, DOC argues, resort to a transcript was unnecessary.
DOC also purports to rely on Criminal Justice Standards and Training Commission v. Bradley, 596 So.2d 661 (Fla.1992), but the Bradley court did not address the question whether an agency head must review a transcript before declining to impose a recommended penalty. The Bradley opinion does not indicate whether the agency head had reviewed a transcript in that case. In the present case, the parties agree that "[a]s long as the ... agency complies with section 120.57(1)(b)10 [now 120.57(1)(j), the] ... agency has the discretion to increase [or decrease] the recommended penalty." Bradley, 596 So.2d at 663. At issue is whether reviewing the transcript is necessary, in order to comply with the statute.
On this point, the Fourth District held squarely in Edwards v. Department of Health & Rehabilitative Services, 592 So.2d 1249, 1249-50 (Fla. 4th DCA 1992), that "[t]he `complete record' required by this statute includes the official transcript of the evidentiary hearing held before the [PERC] hearing officer." We have likewise expressed the view that "the commission did not have the authority to reduce the severity of the [PERC] hearing officer's recommended penalty since there was no transcript." Gordon, 590 So.2d at 486.
Outside the career service context, we have read the statutory language in the same way. Overturning an increased penalty imposed in a disciplinary proceeding against a mortgage broker, we held that, without a transcript, "the Department could not have complied with the statute in that it did not review the complete record." Inlet Mortgage Co., Ltd., v. State Dep't of Banking and Fin., 582 So.2d 764, 765-66 (Fla. 1st DCA 1991). Accord, e.g., Rabren v. Department of Prof'l Regulation, 568 So.2d 1283, 1290 (Fla. 1st DCA 1990).
Here, perhaps the principal basis for the hearing officer's recommended mitigation was his perception that Ms. Roberts was being treated more harshly than fellow employees similarly situated. However broadly phrased, this is a highly fact-specific consideration. The same can be said of most mitigation factors. The Bradley decision teaches that whether Ms. Roberts should be reprimanded rather than suspended is a policy question for the Commission, not for the hearing officer, to decide. But the statute requires the Commission to consider the transcript of the hearing at which the facts were developed, before deciding to disregard the fact finder's recommendation as to penalty.
Reversed and remanded.
BARFIELD, C.J., and ERVIN, J., concur.