QUINCE, Judge.
Elmer and Karen Pillsbury (the Pillsbur-ys) challenge the. revocation of their child day care license pursuant to section 402.310, Florida Statutes (1995), and rule 10 M-12.011, Florida Administrative Code. We find that the Department of Health and Rehabilitative Services (HRS) failed to conduct a complete review of the record in this case prior to entering an order which increased the recommended penalty. Accordingly, we reverse.
The Pillsburys operate a child day care facility known as “Whitfield Academy.” Mr. Pillsbury holds the provisional license to operate the Academy and Mrs. Pillsbury manages the facility and oversees its day-to-day operations. Prior to June 1,1990, the facility was owned by Mrs. Pillsbury individually and was licensed in her name. On June 1, Mrs. Pillsbury transferred ownership to her husband, but continued to function as the facility’s manager.
Beginning in 1989 and continuing until 1995, HRS cited the Pillsburys for a number of statutory violations including child abuse, failure to comply with child/staff ratios, failure to provide direct supervision, improper *33 storage of dangerous chemicals, roach infestation, fire code violations, failure to repair shattered window glass, corporal punishment, unsanitary bathrooms, failure to have designated staff in charge, non-constructive discipline, and failure to cooperate with health officials in responding to an outbreak of Hepatitis A. Based on this continuing pattern of violations, HRS filed an administrative complaint on May 9, 1995, seeking to revoke Mr. Pillsbury’s child day care license. An administrative hearing conducted by the Division of Administrative Hearings followed.
After conclusion of the evidentiary hearing, the hearing officer filed a recommended order concluding that the Pillsburys had reasonably cooperated with HRS to correct violations and that revocation of the license was not warranted. After review of the recommended order and the exceptions filed, the agency entered a final order rejecting several conclusions of law and rejecting the hearing officer’s recommendation that the complaint be dismissed. The agency concluded there was a willful pattern of noncompliance and temporary corrections on the part of the appellants and ordered revocation of Mr. Pillsbury’s child care license.
An agency order which increases or reduces the penalty recommended by the hearing officer must comply with the requirements of section 120.57(l)(b)(10), Florida Statutes (1995), which provides, in pertinent part:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
In the instant case, the hearing officer recommended dismissal of the administrative complaint. This recommendation was rejected and the agency ordered revocation of the license. Contrary to the statute, the agency order does not reflect a review of the complete record before increasing the penalty. See Martin v. Dep’t of Prof'l Reg., 485 So.2d 89 (Fla. 2d DCA 1986); Department of Health and Rehab. Servs. v. Gordon, 590 So.2d 484 (Fla. 1st DCA 1991). Without a review of the complete record the agency action cannot stand. We, therefore, reverse and remand for entry of a final order' that comports ■with the requirements of section 120.57(1)(b)(10).
CAMPBELL, A.C.J., and FRANK, J., concur.