597 So.2d 419 (1992)
Phillip CHASE, Appellant,
v.
PINELLAS COUNTY SCHOOL BOARD, Appellee.
No. 91-03298.
District Court of Appeal of Florida, Second District.
April 22, 1992.
Mark Herdman of Kelly & McKee, P.A., Tampa, for appellant.
M. Teresa Harris, Largo, for appellee.
HALL, Judge.
Phillip Chase challenges the final administrative order of the School Board of Pinellas County suspending him for three days without pay from his position as physical education teacher at Dunedin High School. We affirm.
*420 The supreme court recently disapproved two of the cases relied upon by Chase, Hanley v. Department of Professional Regulation, 549 So.2d 1164 (Fla. 4th DCA 1989) and Bajrangi v. Department of Business Regulation, 561 So.2d 410 (Fla. 5th DCA 1990), and modified a third case relied upon by Chase, Department of Professional Regulation v. Bernal, 531 So.2d 967 (Fla. 1988). Crim. Justice Standards & Training Comm'n v. Bradley, 596 So.2d 661 (Fla. 1992).
Bradley involved the same issue as that presented by this case: whether an agency may adopt a hearing officer's findings of fact and conclusions of law but reduce or increase the recommended penalty. Approving Judge Altenbernd's dissent in Hambley v. Department of Professional Regulation, 568 So.2d 970 (Fla.2d DCA 1990), the supreme court found
that it is a primary function of professional disciplinary boards to determine the appropriate punishment for the misconduct of the professionals it regulates. As long as the statute under which a professional agency operates provides guidelines for imposing penalties, the agency complies with section 120.57(1)(b)10., and the increased penalty falls within the guidelines established by its statute, a professional board or agency has the discretion to increase the recommended penalty.
Bradley, 596 So.2d at 663.
We find that the Pinellas County School Board satisfied all of these requirements for exercising its discretion to increase the hearing officer's recommended penalty.
Affirmed.
SCHOONOVER, C.J., and PATTERSON, J., concur.