ALTENBERND, Judge.
Beverly Enterprises-Florida, Inc., appeals a final order rendered by the Agency for Health Care Administration that imposed a $4000 fine after finding that Beverly Enterprises violated an administrative rule regarding staffing hours for certified nursing assistants (CNAs). We affirm the determination that a technical staffing violation occurred at the Manhattan Convalescent Center, but reverse the penalty because it exceeds the maximum penalty requested by the Agency in its own administrative complaint.
Beverly Enterprises is licensed to operate the Manhattan Convalescent Center in Tampa, Florida. To staff such a facility, the Agency’s regulations require that the facility have a minimum of 1.7 hours of CNA staff time and .6 hours of licensed nursing staff time for each resident during a 24-hour period. See Fla. Admin. Code R. 59A-4.108(4). In 1995, this nursing home had approximately 165 residents. Under the regulations, it normally needed a minimum daily staff of 37 CNAs and 13 licensed nurses.[1] In July 1996, the Agency filed an administrative complaint alleging that Beverly Enterprises’ CNA staffing violation was a Class III deficiency, for which the Agency demanded a fine of $700.
Surveys conducted in 1995 reflected that Manhattan Convalescent Center sometimes had a small shortage in CNA hours, but usually had licensed nursing hours well in excess of the minimum. Beverly Enterprises took the position that it was using nurses at higher wages to perform CNA functions because of a chronic shortage in available CNAs in the Tampa area. The administrative law judge found there was no evidence to indicate that Beverly Enterprises “failed to have sufficient staff to insure each resident maintained their highest practical level of well being.” The judge did, however, find that staffing deficiencies had occurred, which he characterized as “minor” and “not of substance.” He recommended a fine of $250.
The director of the Agency did not dispute the judge’s findings of fact, but corrected an error of law and concluded that a fine of $4000 was appropriate. The judge had ruled that the deficiency was a violation of section 400.102(1), Florida Statutes (1995), which warranted a fine not exceeding $500 pursuant to section 400.121(1). The director declared that the CNA staffing shortage was a Class III deficiency under section 400.23(9)(c), and subject to a fine of $500 for *108 each violation. The director determined there were eight violations and imposed a $4000 fine. In so doing, he admitted that he disagreed not only with the fine recommended by the administrative law judge, but also with the fine sought by his own staff.
We conclude that the director correctly determined that Beverly’s understaff-ing of CNAs was a Class III violation, which required a fine greater than $500 but less than $1000. His own agency, however, had charged Beverly Enterprises with only a single violation and had requested a fine of $700. Although the director does have the authority to re-evaluate the penalty proposed by the judge, see Criminal Justice Standards and Training Comm’n v. Bradley, 596 So.2d 661 (Fla.1992); Chase v. Pinellas County School Bd., 597 So.2d 419 (Fla. 2d DCA 1992), he is not free to amend the Agency’s complaint by adding other violations and seeking a larger fine after the hearing has occurred.
Accordingly, we affirm the determination of a technical violation, but reverse the fine imposed, and remand for the imposition of a fine not exceeding $700.
Affirmed in part, reversed in part.
CAMPBELL, A.C.J., and FRANK, J., concur.

. These figures are apparently based on a 7.5-hour work shift (165 patients x 1.7 CNA hours) 9- 7.5 hours = 37 CNAs per 24-hour period.